Richard Earl CHAPMAN, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 50489—50495.

Court of Criminal Appeals of Texas.

July 16, 1975.

Will Gray, Bob C. Hunt, Court appointed, Houston, for appellant.

Carol S. Vance, Dist. Atty., Clyde F. DeWitt, III, and Bert Graham, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

BROWN, Commissioner.

Appellant plead guilty before the court and was assessed a punishment of five (5) years in each of the seven robbery by assault cases. Appellant is also serving a 25 year sentence in a robbery case which was affirmed by this Court on January 31, 1973. Chapman v. State, Tex.Cr.App., 489 S.W.2d 584.

Appellant first contends that the court erred in not conducting a competency trial prior to receiving the pleas of guilty. The record reveals that on January 7, 1974, appellant's attorney introduced in evidence a psychiatric evaluation report by Le Roy Androes, M.D., to whom appellant had been referred by his attorney. In his evaluation conducted on December 18, 1973, the doctor found appellant not to be psychotic. The doctor further found appellant to be oriented to time, place and person. His thoughts were logical and coherent. His intelligence was in the bright normal range and he appeared to be capable of abstract thinking. Also, the court inquired of appellant's coun-

sel as to the competency of appellant. Counsel, who had represented appellant since August 7, 1970, stated that appellant was able to intelligently assist counsel and in counsel's opinion was mentally competent. Under these circumstances, we find that the careful trial judge did not err in receiving appellant's pleas of guilty.

Appellant next contends that these seven convictions should be vacated because he was denied a speedy trial. Although these robberies were committed during the years 1969 and 1970 and appellant was not tried in these seven cases until January 1974, this Court as well as the federal courts have repeatedly held that where a plea of guilty is voluntarily and understandingly made, all non-jurisdictional defects, including claimed deprivation of federal due process, are waived. Cf. Brown v. State, Tex.Cr.App., 487 S.W.2d 86; Helms v. State, Tex.Cr.App., 484 S.W.2d 925; Carpenter v. State, Tex.Cr.App., 477 S.W.2d 22; Chambers v. Beto, 5 Cir., 428 F.2d 791; Farmer v. Beto, 5 Cir., 421 F.2d 184 and Litton v. Beto, 5 Cir., 386 F.2d 820.

The judgments are affirmed.

Opinion approved by the Court.