**Carl Harrison STRAPS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. A14-81-382-CR.**

Court of Appeals of Texas, Houston (14th Dist.).

March 11, 1982.

Douglas Moran, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Houston, for appellee.

Before J. CURTISS BROWN, C. J., and JUNELL and PRICE, JJ.

J. CURTISS BROWN, Chief Justice.

This is an appeal from a conviction of indecency with a child. The questions presented are (1) whether the trial court should have allowed appellant to withdraw his plea of nolo contendere when he allegedly raised the issue of his innocence at the punishment phase of the trial, (2) whether appellant's confession in open court was sufficient evidence to support his conviction, and (3) whether the indictment should have been declared invalid on the grounds that the instrument does not appear to have been signed by the grand jury foreman. We affirm the conviction.

Carl Harrison Straps (Straps or Appellant) was indicted for the offense of indecency with a child under Tex. Penal Code Ann. § 21.11 (Vernon 1974). The indictment contained three counts. Straps agreed to plead nolo contendere to the first count, and the prosecutor agreed to dismiss the last two counts.

During the trial the judge cautioned Straps that he would be found guilty on his plea of nolo contendere. Tex.Code Crim. Pro.Ann. art. 27.02(5) (Vernon Supp.1980–1981); Lucero v. State, 502 S.W.2d 750, (Tex.Cr.App.1973). After Straps was admonished in accordance with Tex.Code Crim.Pro.Ann. art. 26.13 (Vernon Supp. 1980–1981), his plea was accepted and a stipulation of evidence noted on a Plea of Guilty was entered into the record. Pursuant to a pre-sentencing investigation Straps was sentenced at a later hearing to five years confinement in the Texas Department of Corrections. Appeal was perfected to this Court.

■ Appellant brings three grounds of error. He contends the trial court committed reversible error in refusing to allow his plea of nolo contendere to be withdrawn when the issue of his innocence was raised, in finding him guilty based on insufficient evidence, and in refusing to declare the indictment invalid because it was not signed by the grand jury foreman.

In his first ground of error, appellant contends the following testimony during the punishment phase of the trial raised the issue of his innocence:

Q. (Prosecutor) You are not willing to admit that you did anything wrong, obviously you have a problem in terms of rehabilitating yourself?

A. (Appellant) Yes.

Q. (Prosecutor) And you have done nothing wrong?

A. (Appellant) Not that I can say so.

However, just because appellant did not feel he had done anything wrong does not necessarily mean that he did not admit to the facts upon which his conviction was based. We hold the statement by appellant was insufficient to raise the issue of his innocence.

Even if the statement made by appellant did raise the issue of innocence the court was under no duty to withdraw his plea. In Sullivan v. State, 573 S.W.2d 1, 4 (Tex.Cr. App.1978), the Court of Criminal Appeals considered the same situation before us now except that the statements of the accused unquestionably raised the issue of his innocence. That Court held when a plea of guilty is before the trial court and evidence is introduced that raises the issue of the guilt of the accused, the trial judge may decide the issue without withdrawing the plea. Moon v. State, 572 S.W.2d 681 (Tex. Cr.App.1978); Fairfield v. State, 610 S.W.2d 771 (Tex.Cr.App.1981). Appellant's first ground of error is overruled.

■ Appellant next complains his conviction was based on insufficient evidence. He notes the portions of Tex.Code Crim.Pro. Ann. art. 1.15 (Vernon 1977), which provide the State must introduce into the record evidence proving the guilt of the accused and such evidence must be accepted by the court as a basis of the judgment. However, the article further provides as follows:

The evidence may be stipulated if the defendant in such case consents in writing, in open court, to waive the appearance, confrontation, and cross-examination of witnesses, and further consents either to an oral stipulation of the evidence and testimony or to the introduction of testimony by affidavits, written statements of witnesses, and any other documentary evidence in support of the judgment of the court. Such waiver and consent must be approved by the court in writing, and be filed in the file of the papers of the cause.

In the case before us the first count of the indictment was read to appellant in open court. He entered a plea of nolo contendere, and a signed Plea of Guilty with the following provision was entered into the record without objection.

In open court and prior to entering my plea, I waive the right to trial by jury. I also waive the appearance, confrontation, and cross-examination of witnesses, and my right against self-incrimination. The charges against me allege that in Harris County, Texas, I Carl Harrison Straps, hereafter styled the Defendant, heretofore on or about January 11, 1981, did then and there unlawfully with intent to arouse the sexual desire of the Defendant and knowing [the Complainant] was present, expose his genitals to the Complainant, a child under the age of seventeen and not his spouse. I understand the above allegations and I confess that they are true and that the acts alleged above were committed on January 11, 1981.

Such a judicial confession that one committed an offense as charged in the indictment and an in-court affirmance of that judicial confession constitutes compliance with Tex. Code Crim.Pro.Ann. art. 1.15 (Vernon 1977). *Potts v. State*, 571 S.W.2d 180 (Tex.Cr.App. 1978). Appellant's second ground of error is overruled.

■ Finally, appellant contends the indictment should be declared invalid since it was not signed by the grand jury foreman. Tex.Code Crim.Pro.Ann. article 21.02(9) (Vernon 1966), provides that an indictment "shall be signed officially by the foreman of the grand jury." It is appellant's observation that the copy of the indictment in the record contains an illegible marking which appears to be a stamp. The State contends the original indictment does have the signature of the grand jury foreman. This fact is not challenged by the appellant.

While we do not have the original indictment before us, the case of *McCullough v. State*, 425 S.W.2d 359 (Tex.Cr.App.1968), holds that such a contention, even if true, is not reversible error for two reasons. First, there was no written motion to quash the indictment for such reason pursuant to Tex. Code Crim.Pro.Ann. art. 27.10 (Vernon 1966), and, secondly, such signature is not essential to the validity of the indictment. Appellant's third ground of error is overruled and the conviction affirmed.

Affirmed.