**Bruce JAMES, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 721–82.

Court of Criminal Appeals of Texas.

Oct. 27, 1982.

James Gregory Glass, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Ray Elvin Speece and Keno M. Henderson, Jr., Asst. Dist. Atty's., Houston, Robert Huttash, State's Atty., Austin, for the State.

CONCURRING OPINION ON THE REFUSAL OF THE PETITION FOR DISCRETIONARY REVIEW WITHOUT WRITTEN OPINION

ONION, Presiding Judge.

The majority refuses the petition for discretionary review without written opinion. I write because the panel opinion of the 14th Court of Appeals is a published opinion and this court's refusal of said petition could well be interpreted as approval of all that is written in said opinion. I, for one, cannot agree with all that was written.

Appellant was charged in one indictment with two separate counts of aggravated robbery. On February 17, 1981, appellant waived trial by jury and entered a plea of guilty to each count before the court. He was duly admonished as required by Article 26.13, V.A.C.C.P. The court assessed punishment at eight (8) years' imprisonment on each count.

On appeal appellant contends there was no evidence to support his convictions upon his guilty pleas. He argues that this is so because the trial court did not formally admit or receive into evidence the sworn stipulation containing judicial confessions and thus there was no evidence to support

his guilty pleas as required by Article 1.15, V.A.C.C.P.[1]

It appears in the instant case that the appellant entered into a written stipulation which contained the two written judicial confessions. The stipulation was signed and sworn to by the appellant. It was approved by his counsel, the prosecutor and the trial court. The written sworn judicial confessions admitted appellant understood the allegations of the indictments and that he confessed the allegations were true, etc. The record reflects after the court's admonishment the following:

"MR. HENDERSON (Prosecutor): The state at this time will offer the stipulation of evidence, signed and executed by the defendant freely and voluntarily with the aid and assistance of his attorney. If there are no objections, the state will rest.[2]

"MR. GLASS (Defense Counsel): We have no objection.

"THE COURT: Mr. James, do you agree with the facts stated in the stipulations?

"THE DEFENDANT: Yes, sir.

"THE COURT: Are they in fact true?

"THE DEFENDANT: Yes, sir.

"THE COURT: Is there evidence in defense of these facts you wish to offer, counsel?

"MR. GLASS: We have nothing on the merits, Your Honor."

The panel opinion of the Court of appeals concluded there was sufficient evidence to support the guilty pleas for two reasons. First, the court held that although there was no formal acceptance by the court of the stipulation into evidence, the parties and the court treated the stipulation as being in evidence and without objection from the appellant the stipulation could be considered in the support of the judgments, citing *Killion v. State,* 503 S.W.2d 765 (Tex. Cr.App.1973). I agree. In light of the written judicial confessions under oath contained in the stipulation, I also agree with the Court of Appeals' first reason. These written sworn judicial confessions, standing alone, are sufficient to sustain the convictions upon the pleas of guilty.

I cannot agree, however, to the second reason. The panel opinion of the Court of Appeals stated:

"Secondly, appellant orally admitted in open court that he was guilty on both counts of the indictment and orally admitted the written stipulations were true. We believe this oral *testimony* of appellant in open court constitutes a judicial confession." (Emphasis supplied.)

The court apparently relied upon appellant's affirmative answer during the admonishment to the court's inquiry whether he was pleading guilty to both counts because he was guilty and for no other reason, and upon appellant's affirmative answers to the court's inquiry whether the stipulation was true. While this was in open court, the appellant had not taken the witness stand and was not under oath. These answers were made in a colloquy with the court and did not constitute "testimony." There was no judicial confession as such. This situation is unlike *Dinnery v. State,* supra, where the defendant took the witness stand and under oath on direct examination gave similar answers which sworn testimony constituted a judicial confession. See and cf. *Rodriguez v. State,* 375 S.W.2d 289 (Tex.Cr. Cr.App.1942); *Edwards v. State,* 463 S.W.2d 733 (Tex.Cr.App.1971).

---

1. It is true a plea of guilty is an admission of guilt of the offense charged, but it does not authorize a conviction in a bench trial upon such plea unless there is evidence offered to support such plea and the judgment to be entered. Article 1.15, supra; *Dinnery v. State,* 592 S.W.2d 343 (Tex.Cr.App.1979) (Opinion on Rehearing on Court's Own Motion); *Burks v. State,* 145 Tex.Cr.R. 15, 165 S.W.2d 460 (Tex.

2. The prosecutor would have been well advised to have secured a ruling on his offer of evidence before rushing to "rest" and seeking to determine if there were objections to such action by the State.

App.1964); *Cooper v. State,* 573 S.W.2d 533, 535 (Tex.Cr.App.1978).

The bench and bar should be careful not to rely upon the second reason given by the Court of Appeals for affirming this conviction. The oral statements here involved did not constitute a judicial confession. The second reason was, however, unnecessary to the proper disposition of this appeal. With this clarification, I agree that the petition for discretionary review should be refused.

ROBERTS, W.C. DAVIS, and CLINTON, JJ., join in this opinion.