**Benjamin Allen POPE, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. B14–82–589CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

May 12, 1983.

Second Rehearing Denied
Aug. 11, 1983.

Discretionary Review Refused
Feb. 8, 1984.

Desmond Gay, Dougal C. Pope, Houston, for appellant.

Richard Mason, Houston, for appellee.

Before PAUL PRESSLER, ROBERTSON and CANNON, JJ.

ROBERTSON, Justice.

Following appellant's conviction on a plea of *nolo contendere* for possession of cocaine where punishment of two years was assessed in accordance with a plea negotiation, the trial court at first denied and then granted appellant the right to appeal. We affirm.

In his first two grounds of error, appellant contends there was no evidence or insufficient evidence of guilt. He argues that since "the Statement of Facts does not show that [the signed stipulation of evidence] was ever offered in evidence" nor is it "shown as an exhibit to the Statement of Facts" there is no evidence to support the plea. We disagree. After the court carefully admonished appellant as of the consequences of his plea of *nolo contendere*, the following occurred:

THE COURT: I will accept the plea and hear the evidence.

MR. VALLEJO (the prosecutor): At this time the state will offer what is before the court in the form of stipulation of evidence, which has been freely and voluntarily signed by the defendant on advice and consent of his counsel; if there's no objection, the state rests.

MR. GAY (defense counsel): No objection.

THE COURT: Do you agree to the facts stated in the stipulation?

THE DEFENDANT: Yes, sir.

THE COURT: Is there evidence in defense?

MR. GAY: None, Your Honor.

Included within the clerk's transcript is the form document "WAIVER OF CONSTITUTIONAL RIGHTS, AGREEMENT TO STIPULATE, AND JUDICIAL CONFESSION," signed by appellant, his counsel, and the prosecutor by which appellant waived trial by jury, appearance of witnesses, and self-incrimination. It also included his sworn stipulation of facts in support of the allegations of the indictment. The form further contains the prosecutor's consent to waiver of jury trial and his approval of the stipulated evidence. The last entry on the form, which is signed by the trial judge, reads:

> This document was executed by the defendant, his attorney, and the attorney representing the state, and then filed with the papers of the case. The defendant then came before me and I approved the above and the defendant entered a plea of *nolo contendere.* After I admonished the defendant of the consequences of his plea, I ascertained that he entered it knowingly and voluntarily after discussing the case with his attorney. It appears that the defendant is mentally competent and the plea is free and voluntary. I find that defendant's attorney is competent and has effectively represented the defendant in this case. I informed the defendant that I would not exceed the agreed recommendation as to punishment.

The above procedure used to introduce a stipulation of evidence and the attack on the sufficiency of the evidence are identical to that which was before this court in *James v. State,* 643 S.W.2d 439 (Tex.App.— Houston [14th Dist.] 1982) *pet. ref'd,* 640 S.W.2d 910 (Tex.Cr.App.1982). There, it was held that the evidence was sufficient to support the plea. Appellant's first two grounds of error are overruled.

In his third and fourth grounds of error, appellant complains of a lack of speedy trial—the third asserting rights under TEX.CODE CRIM.PROC.ANN. arts. 32A.01, *et seq.* (Vernon Supp. 1982–1983) (Texas Speedy Trial Act) and the fourth asserting rights under both the federal and state constitutions. The state, relying upon cases where the plea was guilty, asserts these issues were waived when appellant entered a plea. On the other hand, appellant argues that, unlike entering a plea of guilty, an accused may enter a plea of *nolo contendere* and thereby preserve his contention of lack of a speedy trial. The Court of Criminal Appeals has already decided the issue adversely to appellant's contention in *Fleet v. State,* 607 S.W.2d 257 (Tex.Cr.App.1979). We also hold that a plea of *nolo contendere,* just as a plea of guilty, knowingly made waives all non-jurisdictional defects, including a claimed deprivation of the constitutional right to a speedy trial. *Chapman v. State,* 525 S.W.2d 8 (Tex.Cr.App.1975). Appellant's third and fourth grounds of error are overruled.

In his fifth ground of error, appellant contests the constitutionality of the Texas Controlled Substance Act because it does not "set out any standards as to what constitutes the contents of cocaine and the Act does not define the contents of cocaine." In supporting argument, appellant states that without a statutory definition a person must speculate "whether a particular substance or compound would constitute cocaine." We are unimpressed with this argument. The term "cocaine" is commonly understood to be a narcotic drug. The *American Heritage Dictionary of the English Language* 256 (New College ed. 1976) defines "cocaine" as "[A] colorless or white crystalline narcotic alkaloid, $C_{17}H_{21}No_4$ entracted from coca leaves and used as a surface anesthetic." It could hardly be argued that had the statute contained this or any other similar definition it would reduce the ordinary person's speculation that the substance was cocaine. The bottom line is the statute must be sufficiently definite so that a per-

son of *common intelligence* can determine with reasonable precision what conduct it is he must avoid under the statute. *Campos v. State*, 623 S.W.2d 657 (Tex.Cr.App.1981). We hold that the failure to define "cocaine" does not render the statute defective or unconstitutionally vague. Appellant's fifth ground of error is overruled.

The judgment is affirmed.

CANNON, J., not participating.

## OPINION ON APPELLANT'S SECOND MOTION FOR REHEARING

Our prior opinion in which we wrote on appellant's first motion for rehearing is withdrawn and the following is substituted therefor.

On the day before our original opinion in this case was issued, the Court of Criminal Appeals handed down its opinion in *Martin v. State*, 652 S.W.2d 777 (Tex.Cr.App.1983). Since such decision overruled its previous line of cases holding an accused waived his right to appellate review of his rights under the Texas Speedy Trial Act by pleading guilty, it now becomes necessary to address the merits of appellant's third ground of error.

Appellant was arrested on February 19, 1982, and charged by complaint with the felony offense of possession of the controlled substances methamphetamine, hydromorphone, and marijuana. He appeared in the 177th Judicial District Court on February 22, 1982 for a probable cause hearing. The following chronology is what occurred thereafter:

| DATE | ACTION |
| --- | --- |
| 02–22–82 | Agreed setting signed by counsel for state and defense setting matter for examining trial on 2–26 |
| 02–26–82 | Agreed setting for presentation to grand jury on 3–5 and arraignment on 3–10 |
| 03–10–82 | Agreed setting for arraignment on 3–24 |
| 03–25–82 | Agreed setting for arraignment on 4–13 |

| DATE | ACTION |
| --- | --- |
| 04–07–82 | Appellant indicted in Cause No. 350,662 |
| 04–13–82 | Agreed setting for pre-trial hearing on 4–22 |
| 04–22–82 | Seven pre-trial motions filed, two of which were motions to dismiss on grounds other than lack of a speedy trial |
| 04–22–82 | Agreed setting for hearing on motion for 5–25 and trial on 6–28 |
| 06–28–82 | Three motions to dismiss filed, one of which was based upon lack of a speedy trial |
| 06–28–82 | Agreed trial setting for 7–12 |
| 07–08–82 | Appellant reindicted for same transaction under Cause No. 359,431 except that first paragraph alleged possession of cocaine instead of methamphetamine |
| 07–12–82 | Agreed setting for hearing motions on 8–9 and for trial on 8–16 |
| 07–14–82 | Six more pre-trial motions filed by appellant, including a motion to dismiss on the basis of lack of a speedy trial |
| 07–21–82 | A notice of intent to introduce copy of letters if original not produced filed by appellant |
| 07–23–82 | Another motion to dismiss (not on basis of speedy trial) filed by appellant |
| 07–27–82 | Three additional motions filed by appellant |
| 08–09–82 | Hearing on apparently all motions including his motion to dismiss for failure to provide a speedy trial |
| 08–16–82 | Motion to dismiss indictment (not on basis of speedy trial) filed by appellant |
| 08–16–82 | Plea of *nolo contendere* entered by appellant and punishment assessed in accordance with plea negotiations |

■ At the hearing on appellant's speedy trial motion on August 9, 1982, he proved through the clerk's records that neither an oral nor written notice of ready for

trial had been filed by the prosecutor in the re-indicted Cause No. 359,431 and rested. The prosecutor put on no evidence, but when asked by the trial court if he wished to be heard, he responded that the court should take judicial notice of all the agreed settings of the case and stated, the "state has been ready for trial within the 120 days as provided by Speedy Trial Act." Based upon the record before us, we are unimpressed with appellant's argument that we cannot accept the unsworn statement of the prosecutor that the state had been ready for trial within the 120-day limit of the Act. No motions were filed on behalf of the state and the first trial setting for June 28, 1982 was made on April 22, 1982, some 62 days after appellant was arrested, well within the 120-day limit. Even if the trial had been conducted on June 28th and that date was outside the 120-day limit, this would not benefit appellant since the requirement of the Act applies to prosecutorial preparedness and does not encompass the trial court and its docket. *Barfield v. State*, 586 S.W.2d 538 (Tex.Cr.App.1979). When the prosecutor declared the state had been ready for trial within the 120-day time limit and appellant elicited no evidence in rebuttal thereof, the requirements of the Speedy Trial Act were fulfilled. *Id.* Appellant's third ground of error is overruled.

 Appellant contends we were in error in holding that by entering a plea of *nolo contendere* he waived his claim of a denial of a constitutional right to a speedy trial. We agree, as the Court of Criminal Appeals has held otherwise. *Riggall v. State*, 590 S.W.2d 460 (Tex.Cr.App.1979). We will address the merits of appellant's fourth ground of error dealing with his constitutional claim of denial of a speedy trial and apply the balancing test of *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). The four factors to be weighed in determining whether an accused has been denied his right to a speedy trial are: (1) length of delay, (2) reason for the delay, (3) defendant's assertion of his right, and (4) prejudice to the defendant. *Id.* According to the teaching of *Barker*, the four factors are to be considered together and each case is to be judged on an ad hoc basis.

Looking to the facts of this case, appellant was brought to trial in just under six months from the date of the offense. The record does not show the reason for the delay, but from the above chronological history of the case we find the case was active on the court's docket at all times. As to appellant's assertion of the right to a speedy trial, we find he *never* requested a speedy trial but only objected to the lack thereof on June 28, 1982, when the 120-day limit provided by the Speedy Trial Act had expired. Appellant *attempts* to show he was prejudiced by the delay by the following novel reasoning. At the hearing on his motion to dismiss for failure to provide a speedy trial, appellant called the court clerk as a witness and proved the indictment under which the proceedings were had was returned July 8, 1982; it alleged the offense to have occurred on February 19, 1982, which was more than 120 days; and appellant had been continuously in custody since commission of the offense. On cross-examination by the prosecutor, the following occurred:

Q. Do you have present with you Cause No. 350662, the old reindictment [sic]?

A. [Clerk] Yes.

Q. For the record, you have not been able to locate the docket sheet in Cause No. 350662; is that correct?

A. That is correct.

Q. Also for the record, 359431 is a reindictment of 350662; is that correct?

A. Yes, sir.

MR. MAGIDSON (The prosecutor):

At this time we offer into evidence official records of 350662; more specifically, for the court's attention, all of the agreed reset forms in this case and also the docket sheets, also that. That is all we have.

When the court reporter filed her transcript of the proceedings on September 20, 1982, she included the "reset" forms as an exhibit. Appellant's counsel then presented a motion for a supplemental statement

of facts to the trial court, stating that "the state introduced in evidence the entire file in Cause No. 350662," that the court reporter had not included "the entire file in Cause No. 350662 in the Statement of Facts," and that he desired it be included in a supplemental statement of facts. On October 18, 1982, the trial court granted the motion and, consequently, there has been transmitted to this court four large manila envelopes of xeroxed copies of material that has nothing to do with this appeal. However, included with this material is a copy of appellant's "Motion to Set Aside the Indictment Because the State has not Complied with Article 32A.02 of the Texas Code of Criminal Procedure" which was filed on June 28, 1982. This motion, signed only by appellant's attorney and not sworn to by anyone, alleges that the "long delay in bringing [appellant] to trial has caused him to lose the benefit of the testimony of substantially all of his witnesses" since they have now moved and he can not find them. The motion further alleges that "most of those seven witnesses" would testify to facts which would show appellant was not in possession of the drugs on the occasion in question.

With this factual background, appellant argues, "[W]hen the state introduced the Defendant's Motion to Set Aside the Indictment Because the State has not Complied with Article 32A.02 of the Texas Code of Criminal Procedure in Cause No. 350,-662, the first case, the state admitted every fact, statement, and conclusion in that motion, and the contents of that motion are conclusive against the state." We do not agree with appellant's contention that the prosecutor introduced appellant's motion into evidence because the record simply belies this. As we construe that portion of the record quoted above, the prosecutor introduced the agreed reset forms and the docket sheet and appellant's counsel has attempted to expand the prosecutor's offer to include evidence not offered. Because of our holding that the prosecutor did not introduce into evidence the motion to dismiss, we therefore do not address appellant's contention that the state was bound

by the assertion made by appellant's counsel in the motion. We hold (1) the length of delay was not unreasonable; (2) in the absence of any showing to the contrary, the reason for the delay is of little consequence because the case was shown to be active at all times on the trial court's docket; (3) appellant failed to show that he ever asserted his right to a speedy trial but, to the contrary, agreed to the continuances causing the delay; and (4) appellant failed to show he was in anyway prejudiced by the delay. Accordingly, we overrule his fourth ground of error asserting a denial of a speedy trial under the Constitution.

The motion for rehearing is overruled.