**Betty Lue McKINNEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. B14–85–236–CR, C14–85–237–CR and A14–85–238–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

April 10, 1986.

Frederick M. Stover, Houston, for appellant.

John B. Holmes, Jr., Montague McCarthy, Houston, for appellee.

Before CANNON, PAUL PRESSLER and SEARS, JJ.

## OPINION

SEARS, Justice.

Appellant was charged in Cause No. 396273 and in Cause No. 399538 with the offense of tampering with a witness. In Cause No. 399537 she was charged with the offense of aggravated perjury. Appellant pled nolo contendere to each indictment. The trial court accepted her pleas and, after reviewing the presentence investigation report, entered judgments of guilty as charged. The court assessed punishment in each case at confinement for a term of eight years in the Texas Department of Corrections.

Appellant presents two grounds of error on appeal. The first is that the evidence presented by the state was insufficient to support the convictions. In her second ground, appellant asserts the court should have withdrawn her pleas prior to the entry of its guilty findings. We affirm the convictions.

Appellant executed and filed in each case a sworn document entitled "Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession." By signing the instruments, appellant agreed to waive her right to trial by jury, the right to the appearance, confrontation and cross-examination of witnesses and her right against self-incrimination. Each Agreement to Stipulate also provided the following: "I understand the above allegations and I *do not contest* that they *can be proven by the State as* true ...." Appellant's counsel modified the printed forms by inserting this latter language and striking out the original language. Without modification, the forms would have provided: "I understand the above allegations and *I confess* that they are are true...."

At the hearing on the pleas, the court admonished appellant in accordance with Article 26.13 of the Texas Code of Criminal Procedure, and stated the following:

THE COURT: You will have given up the right to have the State bring in witnesses to testify against you, witnesses that you could confront and cross-examine, witnesses that you will not be able to cross-examine and confront, if the Court accepts this Waiver. You would be agreeing that the State can prove its case against you by the introduction of oral stipulations of evidence, written statements of witnesses, affidavits and other documentary evidence, evidence that you will not be able to cross-examine. You would be giving up your right against self-incrimination....

You would be agreeing that the State's witnesses, if called, would give testimony sufficient in which to find the allegations to be true and that you were guilty of this offense.

Understanding what rights you would be giving up by making these statements, are you now voluntarily giving up those rights, entering into these Stipulations and making these Judicial Confessions?

THE DEFENDANT: Yes.

The court accepted each of the Stipulations, and, after reading the indictment for each cause, appellant pled nolo contendere. The court inquired as to whether her pleas were voluntarily given, and appellant again answered that they were. Thereafter, the following conversation took place:

THE COURT: Do you understand that if the Court accepts your pleas and the State is able to make out a prima facie case against you, this Court would have sufficient evidence to make a finding of guilty in each of these cases?

THE DEFENDANT: Yes, sir.

THE COURT: Do you further understand that the statements that you have made, the agreements to stipulate, by themselves are sufficient for the State to sustain its burden of making its case against you?

THE DEFENDANT: Yes, sir.

Thereafter the state proceeded by offering into evidence each of appellant's agreements as exhibit one in each cause. The prosecutor then read into the record portions of the state's exhibit in each cause number. These recitations into the record of testimony that would be elicited from witnesses if sworn to testify were sufficient to prove the elements of the offenses with which appellant was charged. Appellant was then questioned as follows:

MR. SMYTH [THE PROSECUTOR]: Ok. Did you sign these documents, knowing what rights you were going to waive?

THE DEFENDANT: Yes, I have. Yes, sir.

MR. SMYTH: Did you sign these documents and plead no contest, *admitting that the state could prove what has just been read to you, if it called witnesses?*

THE DEFENDANT: *Yes, I did.* (emphasis added).

The prosecutor tendered the documents to defense counsel for his inspection.

Whereupon the court accepted appellant's pleas and, based on those pleas and the evidence offered, found the evidence sufficient on which to enter a finding of guilt. However, the court deferred entry of its announcement of guilt until a presentence investigation was made.

■ Appellant complains in her first ground of error that the evidence presented by the state was insufficient to support the convictions. She argues that because of the modifications inserted in each of her Agreements to Stipulate, *i.e.,* that she *did not contest* that the state *could* prove the allegations as true, the state was required to bring forward some evidence which would prove the allegations. Appellant contends the state failed in its burden. We disagree.

As is evident from the testimony set out above, appellant acknowledged on more than one occasion that, by signing the Agreements to Stipulate, she admitted that the state's witnesses, *if called,* would give testimony sufficient to find the allegations in the indictments true. Furthermore, appellant acknowledged that she understood the agreements by themselves were sufficient to meet the state's burden of proof. Appellant now claims on appeal that the agreements as modified cannot be construed to be admissions that the state could prove the allegations as true. However, appellant made no objections to the form of the questions posed by the court and the state at the hearing on the pleas. Moreover, the prosecutor recited into the record, albeit in a very cursory manner, a summary of some of the evidence the state's witnesses would testify to at trial. While we believe the better practice would have been to set forth the testimony of the state's witnesses in detail and then question appellant as to whether she contested that testimony, we find that the state's method of obtaining the judicial confessions in these causes was sufficient to sustain its burden of proof. *See Brewster v. State,* 606 S.W.2d 325, 329 (Tex.Crim.App.1980); *Din-*

*nery v. State,* 592 S.W.2d 343, 352 (Tex. Crim.App.1980) (opinion on rehearing).

■ Although not assigned as a separate ground of error, appellant argues under her first ground that any admissions she may have made at the hearing on the pleas can not be considered judicial confessions because she was unsworn at the time of their making. She asserts that in order to be considered judicial confessions, the statements made must be her *sworn testimony.* In support of this contention appellant cites *James v. State,* 640 S.W.2d 910 (Tex.Crim.App.1982) (concurring opinion by Presiding Judge Onion on the refusal of the petition for discretionary review without written opinion) (joined by Justices Roberts, W.C. Davis and Clinton). While it is true that the record fails to disclose affirmatively that appellant was sworn at the hearing on the pleas, there are indications that she was. The first is that the hearing on the pleas was held on June 4, 1984, the same day appellant signed and *swore to* her Agreements to Stipulate. The second is that at the conclusion of the hearing, the court informed appellant that she could "stand down." From this we infer that she had taken the witness stand. This is a different situation from the one presented in *James,* where appellant had not taken the witness stand and was not under oath. *James v. State,* 640 S.W.2d at 911. Moreover, after judgment has been rendered or a verdict has been given, it is too late to complain for the first time that a witness was not sworn. *Spriggs v. State,* 163 Tex.Cr.R. 167, 289 S.W.2d 272 (1956). Having found that the state presented sufficient evidence at the hearing on the pleas to support the convictions, we overrule appellant's first ground of error.

■ In her second ground of error, appellant argues that the trial court erred in failing to withdraw appellant's pleas sua sponte prior to the entry of its findings of guilt. Appellant asserts that the court was required to withdraw her pleas because a fact issue as to her guilt was raised at the punishment hearing, held ten months after the court accepted her pleas. When the

state cross-examined appellant at the punishment hearing, she denied the allegations in each of the three indictments and, when asked if she admitted making no contest pleas, stated that she did not understand some of the questions asked of her at the hearing on the pleas.

Assuming without deciding, that appellant's denials were sufficient to raise the issue of her innocence, the court was under no duty to withdraw the pleas. The court of criminal appeals has held in *Sullivan v. State,* 573 S.W.2d 1 (Tex.Crim.App.1978) (opinion on rehearing), that:

... [W]hen a plea of guilty is before the court it need not be withdrawn and a plea of not guilty entered when evidence is introduced that might reasonably and fairly raise the issue of fact as to the guilt of the defendant. The trial judge as the trier of facts may without withdrawing the plea decide the issue either finding the defendant not guilty or guilty as he believes the facts require.

*Sullivan v. State,* 573 S.W.2d at 4. *See also Moon v. State,* 572 S.W.2d 681 (Tex. Crim.App.1978) (en banc); *Straps v. State,* 632 S.W.2d 781 (Tex.App.—Houston [14th Dist.] 1982, no pet.). Appellant's second ground of error is overruled and the convictions are affirmed.