Leswin Edgardo TABORA, Appellant,

v.

The STATE of Texas, Appellee.

No. 14–98–01007–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Feb. 3, 2000.

Geoffrey W. Hutson, Houston, for appellants.

William J. Delmore, III, Houston, for appellees.

Panel consists of Justices YATES, FOWLER and FROST.

## O P I N I O N

LESLIE BROCK YATES, Justice.

Appellant, Leswin Edgardo Tabora, waived his right to trial by jury and pleaded no contest to the felony offense of intox-

ication assault. Punishment was assessed by the trial court at five years' imprisonment in the Texas Department of Criminal Justice—Institutional Division. In three issues presented for review, appellant complains he was erroneously admonished as to the consequences of his plea, he received ineffective assistance of counsel, and the State failed to introduce sufficient evidence to support the judgment. We affirm the trial court's judgment.

## ERRONEOUS ADMONISHMENT

 Article 26.13 of the Texas Code of Criminal Procedure provides that prior to accepting a plea of guilty or no contest, the trial court shall admonish the defendant as to the range of punishment, as well as to other consequences of his plea. TEX. CODE CRIM. PROC. ANN. art. 26.13(a) (Vernon Supp.2000). The "range of punishment" for purposes of article 26.13 does not include probation, and there is no mandatory duty for the trial court to admonish a defendant as to his eligibility for probation. *See Harrison v. State*, 688 S.W.2d 497, 499 (Tex.Crim.App.1985). If, however, the trial court volunteers an admonishment as to the availability of probation, the court imposes a duty upon itself to accurately admonish the defendant. *See Ex Parte Williams*, 704 S.W.2d 773, 775 (Tex.Crim. App.1986).

 In his first issue, appellant claims his plea was involuntary due to an erroneous admonishment from the trial court that he was eligible for deferred adjudication community supervision.[1] A plea is involuntarily induced if it is shown that: (1) the trial court volunteered an admonishment that included information on the availability of probation, thereby creating an affirmative duty on the part of the trial judge to provide accurate information on the availability of probation; (2) the trial court provided inaccurate information on the availability of probation, thereby leaving the defendant unaware of the consequences of his plea; and (3) the defendant was misled or harmed by the inaccurate admonishment. *See Williams*, 704 S.W.2d at 776–77.

Therefore, the first question we must address is whether the trial court volunteered an admonishment on the availability of probation. Appellant contends that the trial court admonished him that deferred adjudication community supervision was a sentencing option available to the trial court. To support this proposition, appellant points us to paragraph seven of the form captioned "Statements and Waivers of Defendant." According to the appellant, this paragraph amounts to an admonishment by the court that he is eligible for deferred adjudication probation.[2] We do not read it as such for two reasons. First, this form contains statements and waivers that the defendant is making to the court, not admonishments from the court to the defendant. Second, this is a preprinted boilerplate form. It is clear that the provisions contained therein are meant to apply to a wide variety of situations; not all paragraphs will apply to each defendant.[3]

---

1. Article 42.12 § 5(d)(1)(a) of the Texas Code of Criminal Procedure prohibits the granting of deferred adjudication community supervision if the defendant is charged with intoxication assault.

2. Paragraph seven reads:
 *[LT]* (7) I understand that if the Court grants me Deferred Adjudication under Article 42.12 Sec.3d(a) V.A.C.C.P. on violation of any condition I may be arrested and detained as provided by law. I further understand that I am then entitled to a hearing limited to a determination by the Court of whether to proceed with an adjudication of guilt on the original charge. If the Court determines that I violated a condition of probation, no appeal may be taken from the Court's determination and the Court may assess my punishment within the full range of punishment for this offense. After adjudication of guilt, all proceedings including the assessment of punishment and my right to appeal continue as if adjudication of guilt had not been deferred.

3. This is clear in this case. For example, paragraphs five and six do not apply in this case as they deal with, respectively, a plea bargain and defendant's declining to participate in preparing a presentence report.

Contrary to appellant's contention, the record reflects that appellant was given his article 26.13 admonishments both orally and in writing.[4] The written admonishment form contains only those admonishments required by article 26.13 of the Code of Criminal Procedure. There is no reference to community supervision or deferred adjudication community supervision contained on the form captioned "Admonishments." Likewise, during the plea and sentencing hearings, the court's oral admonishments to the defendant made no reference to community supervision or deferred adjudication community supervision.

We find appellant's claim of an erroneous admonishment by the trial court is tenuous at best. The facts in appellant's case are far less compelling than the situation in *Williams*. In *Williams*, applicant pleaded guilty without an agreed recommendation to aggravated robbery based on the trial court's agreement to place him on ten years probation. *See Williams*, 704 S.W.2d at 774. The trial court included the agreement in its admonishments and informed applicant that it would grant him probation, thus creating the understanding that probation was not only legally possible, but imminent. *See id.* at 777. The Court of Criminal Appeals found that the trial court's admonishment was "significantly inaccurate" and left "applicant unaware of the consequences of his plea." *See id.* In appellant's case, however, the trial court made no intimation in his oral or written admonishments that appellant was eligible for or would be granted deferred adjudication. Thus, there is no evidence the trial court provided an erroneous admonishment to appellant.

■ In any event, even if we were to assume that paragraph seven of the "Statements and Waivers of Defendant"

amounted to an erroneous admonishment from the trial court regarding appellant's eligibility for deferred adjudication, appellant is also required to make an objective showing that he was harmed or misled by the inaccurate admonishment. *See Williams*, 704 S.W.2d at 777; *see also* article 26.13(c) (stating that substantial compliance with this article is sufficient unless defendant affirmatively shows harm). It would be pure speculation for us to assume appellant was misled by or relied on paragraph seven; there is nothing in the record to show that appellant was misled or relied on the preprinted statement concerning deferred adjudication in entering his plea. At no time during the plea hearing, sentencing hearing, or in a motion for new trial did appellant claim that his plea was involuntary due to misinformation provided to him by the trial court. Nor does the record show that, but for the paragraph, he would have entered a different plea.

There being no affirmative showing in the record, we hold that appellant has not shown that the trial court voluntarily admonished him regarding deferred adjudication community supervision as required by the first prong of the test in *Williams*; nor has he shown that he was misled or harmed by what he claims was an inaccurate admonishment regarding deferred adjudication community supervision as required by the third prong of the test in *Williams*. We conclude the trial court did not erroneously admonish appellant; his plea therefore could not be involuntary on that basis. We overrule appellant's first issue for review.

## INEFFECTIVE ASSISTANCE OF COUNSEL

In his second issue, appellant claims his plea was involuntary due to erroneous ad-

---

There was no plea bargain in this case and appellant did participate in the preparation of a presentence investigation report.

**4.** Article 26.13(d) allows the trial court to make the required admonishments orally or

in writing. Here, the admonishments were contained on a pre-printed boilerplate form. Appellant initialed each paragraph on the form.

vice from trial counsel that he was eligible for deferred adjudication community supervision when he was in fact not eligible. Appellant believes such error amounted to ineffective assistance of counsel.

In reviewing claims of ineffective assistance of counsel, we employ the standard of review set out in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *See Hernandez v. State*, 988 S.W.2d 770 (Tex.Crim.App.1999) (holding *Strickland* two prong test applies to ineffective assistance claims throughout trial, including punishment). To reverse a conviction based on ineffective assistance of counsel, the appellate court must find: (1) counsel's representation fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *See Strickland*, 466 U.S. at 695, 104 S.Ct. 2052. This two-prong standard applies to challenges of guilty pleas.[5] *See Ex parte Morrow*, 952 S.W.2d 530, 536 (Tex.Crim. App.1997) (citing *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)). To satisfy the second prong of the test enunciated in *Strickland*, appellant must show there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty, but would have insisted on going to trial. *See id; Ex parte Moody*, 991 S.W.2d 856, 857–58 (Tex. Crim.App.1999).

"Misinformation concerning a matter, such as probation, about which a defendant is not constitutionally or statutorily entitled to be informed, may render a guilty plea involuntary if the defendant shows that his guilty plea was actually induced by the misinformation." *Brown v. State*, 943 S.W.2d 35, 42 (Tex.Crim.App.

1997). However, "a defendant's claim he was misinformed by counsel, standing alone, is not enough for us to hold his plea was involuntary." *Fimberg v. State*, 922 S.W.2d 205, 208 (Tex.App.—Houston [1st Dist.] 1996, pet. ref'd). A claim for ineffective assistance of counsel must be affirmatively supported by the record. *See Jackson v. State*, 973 S.W.2d 954, 955 (Tex. Crim.App.1998). Therefore, in determining the voluntariness of a guilty plea, the court should examine the record as a whole. *See Martinez v. State*, 981 S.W.2d 195, 197 (Tex.Crim.App.1998). The record should focus specifically on the conduct of trial counsel. *See Kemp v. State*, 892 S.W.2d 112, 115 (Tex.App.—Houston [1st Dist.] 1994 pet. ref'd). "Such a record is best developed in the context of [an evidentiary] hearing on application for writ of habeas corpus or motion for new trial."[6] *Id.*

The record of the sentencing hearing reflects appellant's trial counsel requested the trial court consider "deferred" adjudication community supervision on three separate occasions. It is clear from the record that appellant's trial counsel misunderstood either the charges pending against appellant or the applicability of deferred adjudication community supervision. Either misunderstanding could have easily been cleared up by referring to the indictment, penal code, and code of criminal procedure. From this evidence alone we conclude that appellant's trial counsel's failure to inform himself of the law applicable to appellant's case fell below an objective standard of reasonableness. We hold trial counsel's representation was unreasonable; appellant has satisfied the first prong of *Strickland*.

---

**5.** A plea of *nolo contendere* (no contest) has the same legal effect as that of a plea of guilty except that such plea may not be used against the defendant as an admission in any civil suit based upon or growing out of the act upon which the criminal prosecution is based. *See* Tex.Code Crim. Proc. Ann. art. 27.02(5) (Vernon 1989).

**6.** Another acceptable manner of supplementing the record is by way of an affidavit attached to the application for writ habeas corpus or motion for new trial.

██ We now turn to the second prong of *Strickland.* Appellant must show there is a reasonable probability that, but for counsel's errors, he would not have entered a plea of no contest, but would have insisted on going to trial. *See Morrow,* 952 S.W.2d at 536. *See, e.g., Ex parte Moody,* 991 S.W.2d 856, 858 (Tex.Crim. App.1999) (based on testimony elicited in habeas corpus hearing, applicant met burden of showing a reasonable probability he would not have pleaded guilty, but for counsel's errors ); *Cardenas v. State,* 960 S.W.2d 941, 946–47 (Tex.App.—Texarkana 1998, pet. ref'd) (concluding counsel's representation was ineffective where defendant testified at hearing on motion for new trial that he pleaded *nolo contendere* only because counsel informed him, and he believed, that the court could probate his sentence when, in fact, the trial court did not have the authority to place defendant on probation).

Appellant claims his trial counsel's requesting "deferred" and paragraph seven of the "Statements and Waivers of Defendant" (signed by appellant and his trial counsel) are evidence confirming the misinformation by trial counsel. We agree this constitutes some evidence that appellant may have been misled; however, we do not believe this is sufficient evidence for us to determine with a reasonable probability that but for counsel's errors, appellant would not have pleaded no contest, but would have insisted on going to trial.[7] Trial counsel's requests for "deferred" do not enlighten us whether appellant's trial counsel advised him that he was eligible for deferred adjudication community supervision. Similarly, the signing of the waivers form does not indicate what infor-

mation was given to appellant by trial counsel.

Even if we were to presume from trial counsel's requests at the sentencing hearing that he also misinformed appellant about his eligibility for deferred adjudication, there has been no showing that appellant would not have entered a plea of no contest but for counsel's errors. Nor has appellant shown that his plea of no contest was actually induced by the misinformation. Based upon this record, we are unable to say with a reasonable probability that, but for counsel's errors, appellant would not have entered a plea of no contest, but would have insisted on going to trial; appellant has not satisfied the second prong of the *Strickland* test. Accordingly, we overrule appellant's second issue for review.

## SUFFICIENCY OF THE EVIDENCE

██ In his third issue, appellant claims the trial court erred in entering a judgment of guilty due to insufficiency of the evidence. Appellant argues that the only evidence offered by the State is not a judicial confession, nor a stipulation of evidence, due to interlineations made therein.

Article 1.15 of the Texas Code of Criminal Procedure requires the State to introduce sufficient evidence to support the judgment. In this case, the State offered into evidence a document captioned "Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession." Like the admonishments, and statements and waivers signed by appellant, this document is a preprinted form with blank spaces to fill in information pertinent to the individual case.[8] On the form was an interlinea-

---

7. In cases that have held a guilty plea to have been involuntary, the record contains confirmation of the misinformation by counsel, or documents augmenting the defendant's testimony that reveal the misinformation and show its conveyance to the defendant. *See, e.g., Ex parte Griffin,* 679 S.W.2d 15 (Tex. Crim.App.1984); *Ex Parte Burns,* 601 S.W.2d 370 (Tex.Crim.App.1980); *Helton v. State,* 909 S.W.2d 298 (Tex.App.—Beaumont 1995, pet.

ref'd); *Fimberg v. State,* 922 S.W.2d 205 (Tex. App.—Houston [1st Dist.] 1996, pet. ref'd); *Ex Parte Battle,* 817 S.W.2d 81 (Tex.Crim.App. 1991). Here, appellant's counsel on appeal timely filed a notice of appeal, but did not file a motion for new trial. Thus, there is no evidence in the record regarding these issues for us to review.

8. The pertinent part of the State's evidence states:

tion through the word "guilty" and the word "no contest" was handwritten in its place.

██ Appellant cites *Bender v. State,* 758 S.W.2d 278, 280 (Tex.Crim.App.1988) and *McKinney v. State,* 709 S.W.2d 328 (Tex.App.—Houston [14th Dist.] 1986, no pet.) for the proposition that interlineations on a judicial confession render it insufficient. Appellant's reliance on these cases is misplaced. In both *Bender* and *McKinney,* the defendants crossed through the portion of the confession form that stated "I confess that they [allegations] are true...." In this case, appellant did not cross out or interlineate the language of confession ("I confess that they [allegations] are true ...") as did the defendants in *Bender* and *McKinney;* the judicial confession was left intact. A "judicial confession is sufficient to sustain a conviction upon a guilty plea even if the defendant does nothing more than affirm that the allegations in the indictment are true and correct." *Watson v. State,* 974 S.W.2d 763, 765 (Tex.App.—San Antonio 1998, no pet.), *see also Fox v. State,* 657 S.W.2d 449 (Tex.App.—Houston [14th Dist.] 1983, no pet.). Appellant's judicial confession was sufficient evidence to support the conviction. Appellant's third issue for review is overruled.

The judgment of the trial court is affirmed.

---

"I understand the above allegations and I confess that they are true and that the acts alleged above were committed on *July 26, 1997.* In open court I consent to the oral and written stipulation of evidence in this case and to the introduction of affidavits, written statements, of witnesses, and other documentary evidence. I am satisfied that the attorney representing me today in court has properly represented me and I have fully discussed this case with him. I intend to enter a plea of ~~guilty~~ *NO CONTEST* and the prosecutor will recommend that my punishment be set at *presentence investigation* and I agree to that recommendation. I waive any further time to prepare for trial to which I or my attorney may be entitled. /s/ Leswin Edgardo Tabora." (italics indicate handwritten inserts).