NO. 07-01-0302-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



NOVEMBER 30, 2001



______________________________




CLAYTON HOYLE, APPELLANT



V.



FEDERATED MUTUAL INSURANCE COMPANY, APPELLEE




_________________________________



FROM THE 151ST DISTRICT COURT OF HARRIS COUNTY;



NO. 2000-08846; HONORABLE CAROLINE BAKER, JUDGE



_______________________________



Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

 Appellant Clayton Hoyle filed a Motion to Dismiss on November 16, 2001, averring
that he no longer wishes to prosecute his appeal. The Motion to Dismiss is accompanied
by a signed affidavit by appellant. 

 Without passing on the merits of the case, appellant's motion for voluntary dismissal
is granted and the appeal is hereby dismissed. Tex. R. App. P. 42.2. Having dismissed 


the appeal at appellant's personal request, and there being no objection from the appellee,
no motion for rehearing will be entertained and our mandate will issue forthwith. 



 Phil Johnson

 Justice
































Do not publish.



tonio 1997, no pet.). If, after
reviewing the briefs submitted by appellant and his counsel, this court determines the
appeal has merit, we will remand it to the trial court for appointment of new counsel. See
Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). The brief in support of a
motion to withdraw is a device for assuring that the indigent defendant's constitutional
rights have been "scrupulously honored." McCoy v. Court of Appeals of Wisconsin, 486
U.S. 429, 444, 108 S.Ct. 1895, 100 L.Ed.2d 440 (1988). Such briefs should provide us
"with a basis for determining whether appointed counsel have fully performed their duty to
support their clients' appeals to the best of their ability." Johnson v. State, 885 S.W.2d
641, 646 (Tex.App.-Waco 1994, pet. ref'd) (citing McCoy). Counsel has provided a copy
of his brief to appellant and informed appellant of his right to file a pro se brief. Appellant
has filed his own brief presenting two issues which he contends show reversible error. The
State has not responded to either brief.

 The first issue in appellant's pro se brief is that he was denied effective assistance
of counsel. In his second issue appellant contends he was denied due process. Many of
the arguments are common to both issues and we will address each argument in turn. The
standards by which the effectiveness of counsel is reviewed are set out in the seminal case
of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and
adopted by our Court of Criminal Appeals in Hernandez v. State, 726 S.W.2d 53, 57
(Tex.Crim.App. 1986). In order to show trial counsel was ineffective, a claimant must
establish two elements: 1) that his counsel's performance was deficient, and 2) the
deficient performance prejudiced the defense. Strickland, 466 U.S. at 687. The first
component is met by showing that trial counsel made errors so significant that he was not
functioning as the counsel guaranteed by the Sixth Amendment to the United States
Constitution. Id. The second component necessitates a showing that counsel's errors
were so serious that they deprived the defendant of a fair trial, i.e., a trial whose result is
reliable. Id. A claimant must show that, but for counsel's errors, there is a reasonable
probability that the result of the trial would have been different. Id. at 694. A reasonable
probability is one sufficient to undermine confidence in the outcome. Id. A claim of
ineffective assistance of counsel must be affirmatively supported by the record. Tabora v.
State, 14 S.W.3d 332, 336 (Tex.App.--Houston [14th Dist.] 2000, no pet.). 

 Appellant alleges four deficiencies of his trial counsel which he argues show
counsel's performance was deficient. He contends counsel failed to communicate with him
before trial, failed to properly investigate the case, failed to inform him of the effect of a
decision to testify at trial, and failed to preserve errors for review. 

 Appellant does not point to anything in the record to support his contentions his
attorney failed to communicate with him, conduct an investigation, or prepare him for trial. 
The record does show he was released on bond during the eighteen months between his
arrest and trial. There is no indication appellant made efforts to contact his appointed
attorney or that the attorney failed to respond to any such efforts. The record contains no
information concerning the time or effort appellant's counsel devoted to trial preparation. 
The only defensive issue he urges that trial counsel failed to investigate or develop at trial
was that the complainant's father was angry at appellant because he had failed to get
drugs the father had requested. The record does not support this contention. At trial
appellant denied the accusations against him and, when asked why the family members
were making the allegations, testified he did not know. He did not make any reference to
a prior request that he purchase drugs. Appellant does not allege he brought his
ineffective assistance claims to the attention of his appointed appellate attorney or that
attorney failed to seek a new trial and obtain a hearing where evidence on these claims
could be presented. See Tex. R. App. P. 21.2. The only evidence in the record relevant
to these claims appears before appellant's testimony at trial. At that time the trial court
asked appellant, out of the presence of the jury, if he was "satisfied with the representation
you received from Mr. Brown in this case so far?" Appellant responded that he was. 

 Appellant next argues his trial counsel's failure to object to conflicting testimony
presented by the State was ineffective assistance. He also alleges his counsel was
deficient in failing to object on the basis the testimony was perjury. Consideration of this 
contention requires a brief factual recitation. Appellant is a cousin of Stephany, the
complainant's mother. Stephany is married to Vincent, the complainant's father. On
November 23, 2001, that couple, appellant, and other extended family members were at
a relative's house. Appellant asked if Stephany and Vincent wanted to go to their house
to drink alcohol. They agreed and appellant brought "bootleg" beer and gin to the house
where they drank and talked together with Stephany's father and his girlfriend. During the
evening the complainant and two of her sisters went to bed in their room. After midnight,
appellant decided he could not drive safely and wanted to take a nap before leaving. He
went to lay on the floor in the girls' bedroom.

 About an hour later Vincent heard a thump in the bedroom and went to investigate. 
On entering the room, he testified, he saw the complainant lying on the floor next to
appellant and she was wearing only her top. According to Vincent appellant's pants were
pulled down to his knees but he was still wearing his underwear. Stephany testified that
appellant's "shorts was down to his knees." The complainant testified while she was asleep
appellant pulled her off the bed onto the floor with him. In response to leading questions
the complainant agreed that appellant removed her shorts and underwear and inserted his
finger in her "private." She testified appellant got on top of her and she felt his "private"
press against her "private." She did not know if appellant ever removed his underwear. 

 Appellant argues his trial counsel should have objected to the conflict in the
testimony between Vincent and Stephany concerning his state of dress, and that the
conflict establishes his conviction was obtained through the use of false testimony. We
cannot agree. Conflicting testimony of two witnesses to the same event does not establish
either statement was made knowing it was false. Compare Tex. Pen. Code Ann. § 37.06
(Vernon 2003) (inconsistent statements of same witness, both of which cannot be true, as
perjury). Nor do conflicts between witnesses' testimony destroy the sufficiency of the
evidence. Jimenez v. State, 67 S.W.3d 493, 505 (Tex.App.--Corpus Christi 2002, pet.
ref'd). It is the exclusive province of the jury to evaluate the credibility of the witnesses and
resolve conflicting testimony. Id.; see Tex. Code Crim. Proc. Ann. art. 38.04 (Vernon 1979);
Heiselbetz v. State, 906 S.W.2d 500, 504 (Tex.Crim.App. 1995). The jury may believe one
witness and refuse to believe another, and may accept parts of a witness's testimony and
reject other parts. See Losada v. State, 721 S.W.2d 305, 309 (Tex.Crim.App. 1986). Trial
counsel's failure to raise an objection to the conflict between Vincent's and Stephany's
versions of the events is not evidence of deficient performance. (1) Moreover, the parent's
conflicting testimony did not establish any element of the offenses with which appellant was
charged. See Tex. Pen. Code Ann. §§ 21.11, 22.021(a) (Vernon 2003 & Supp. 2004).

 Appellant also asserts his trial counsel failed to advise him that if he chose to testify,
the State could use his prior conviction to enhance his sentence. This allegation fails to
show deficient performance by counsel because it is not an accurate statement of the law. 
Appellant was charged with a first degree felony and a second degree felony. Section
12.42 of the Penal Code authorizes the use of a prior felony conviction to enhance
punishment of a felony conviction. See Tex. Pen. Code Ann. §12.42(b), (c) (Vernon 2003). 
Those enhancement provisions apply without regard to whether the defendant testifies at
trial. Id. We find no merit in the issues raised in appellant's pro se brief and overrule them.

 We have also made an independent examination of the record to determine whether
there are any arguable grounds which might support an appeal. See Stafford v. State, 813
S.W.2d 503, 511 (Tex.Crim.App. 1991). It does reveal one issue that merits some
discussion. Count one of the indictment alleged appellant "intentionally or knowingly
cause[d] the penetration of the female sexual organ" of the victim on November 24, 2001. 
Count two alleged he "engage[d] in sexual contact by touching the genitals" of the same
victim on the same date. Indecency with a child by touching the child's genitals can be a
lesser included offense of aggravated sexual assault of a child by penetrating the child's
genitals if the same act is used to prove both the touching and the penetration. Elder v.
State, 132 S.W.3d 20, 23 (Tex.App.--Fort Worth 2004, pet. ref'd). See also Vick v. State,
991 S.W.2d 830, 834 n.2 (Tex.Crim.App. 1999). Therefore, the face of the indictment
raises a question whether constitutional protections against double jeopardy are implicated. 

 In Vick, the Court of Criminal Appeals considered a case in which a defendant was
acquitted of aggravated sexual assault based on an allegation of penetration of the victim's
sexual organ. 991 S.W.2d at 831. The defendant was indicted a second time, by an
indictment alleging, in two counts, two different means of committing the offense. Id. The
court agreed the defendant's prosecution under the first count, alleging contact, likely was
barred. Id. at 834 n.2. It held the second count alleged a different offense than the
indictment from which he was acquitted, arose from a separate act in the same transaction,
and was not barred. Id. at 834. Here, the evidence shows each count of the indictment
alleged offenses based on independent physical acts and do not implicate the risk of
double jeopardy. 

 Finding no meritorious issues that could support an appeal, we grant counsel's
motion to withdraw and affirm the judgment of the trial court.



 James T. Campbell

 Justice




Do not publish.

 
1. Even if there had been some basis to object to the testimony, a decision by
counsel could be a reasonable trial strategy. Conflicts in the prosecution's evidence may
weaken the State's case and work to a defendant's benefit.