In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-03-00179-CR
______________________________


TERRY LOUIS MILLER, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 188th Judicial District Court
Gregg County, Texas
Trial Court No. 30298-A


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Chief Justice Morriss


MEMORANDUM OPINION

            Terry Louis Miller pled guilty to aggravated assault. The trial court made a deadly weapon
finding and sentenced him to forty years' imprisonment. Miller was also convicted, during the course
of the proceeding, of the offense of possession of a firearm by a felon, which is also before this Court
on appeal (Miller v. State, No. 06-03-00180-CR) and is decided by separate opinion.
            On appeal, Miller argues that, before Miller pled guilty, the trial court (1) did not properly
admonish him about the effect of a deadly weapon allegation and (2) erroneously informed him he
could apply for community supervision. We affirm.
Deadly Weapon Admonishment
            Miller first argues the trial court did not follow the requirements of Tex. Code Crim. Proc.
Ann. art. 26.13(a) (Vernon Supp. 2004), because it failed to admonish Miller that, if he was found
guilty of an offense, with a deadly weapon finding, he would be required to serve half of any
sentence before becoming eligible for parole. Article 26.13 contains no requirement for a trial court
to so admonish a defendant, and counsel has directed this Court to no such requirement. See Tex.
Code Crim. Proc. Ann. art. 26.13 (Vernon Supp. 2004). To the contrary, although defendants are
often concerned about parole eligibility, it remains only a collateral consequence of the entry of the
plea. See Ex parte Young, 644 S.W.2d 3, 4–5 (Tex. Crim. App. 1983), overruled on other grounds, 
Ex parte Evans, 690 S.W.2d 274 (Tex. Crim. App. 1985). In the absence of any authority requiring
a court to give such an admonishment, we will not engraft that requirement onto the Code. We
overrule this contention of error.
Community Supervision Application
            Miller next contends that the trial court erred by suggesting to him he may wish to file an
application for a probated sentence when it was clear he would not be entitled to community
supervision, and that he was thereby misled to his detriment. Miller had clearly decided to plead
guilty—and had actually done so—before the court raised the issue regarding community
supervision. The following exchanges took place before the trial court raised the issue of community
supervision:
THE COURT: Mr. Miller, I understand that you wish to plead guilty
in 30,298-A to aggravated assault, repetition of a felony. Is that what you want to
do?
 
[Defendant]: Yes, sir.
 
THE COURT: In 30,600-A, I understand you wish to plead guilty to
unlawful possession of a firearm by a felon. Is that what you want to do?
 
[Defendant]: Yes, sir.
 
. . . .
 
THE COURT: Who made the decision to plead guilty in this case?
 
[Defendant]: I did, sir.
 
THE COURT: And are you guilty of each of these offenses?
 
[Defendant]: Yes, sir.
 
. . . .
 
THE COURT: . . . . So you're guilty of aggravated assault, repetition
of a felony. You're also guilty of unlawful possession of a firearm by a felon; is that
correct?

                                    [Defendant]: Right. Yes, sir.
                        . . . .

                                    THE COURT: What are you doing in court here today?

                                    [Defendant]: I'm pleading guilty to offenses, crimes that I've committed.

Only later—after (1) the above exchanges took place, (2) the trial court admonished Miller, orally
and in writing, regarding the range of punishment and the rights he was giving up by pleading guilty,
and (3) the court, by thoroughly questioning Miller, established he was voluntarily pleading
guilty—did the court bring up community supervision.
THE COURT: Are you going to make a request for probation? I'm
not saying that you should. Are you going to make a request for probation? 
 
. . . .
 
I mean, as I understand the law, somebody files an application for probation,
they're theoretically eligible for probation, they're theoretically eligible from the
Court no matter what their history is. 
 
. . . .
 
Now, Mr. Miller, just before [sic] you filed a request for probation doesn't
mean that I'm going to give you probation.
 
[Defendant]: I understand that, your Honor.
 
THE COURT: It will be totally up to me; do you understand that?
 
[Defendant]: Yes, sir.
. . . .

                                    THE COURT: Do you still wish to plead guilty . . . ?

                                    [Defendant]: Yes, sir.

            Miller argues the trial court should have admonished him that he was not eligible for
community supervision because of the deadly weapon finding under Tex. Code Crim. Proc. Ann.
art. 42.12, § 3g (Vernon Supp. 2004). Miller argues that, as in Tabora v. State, 14 S.W.3d 332 (Tex.
App.—Houston [14th Dist.] 2000, no pet.), we should find the trial court gave him inaccurate
information about the availability of community supervision, thus effectively leaving him unaware
of the real consequences of his plea, to his detriment. This ignores the context of the proceeding
which reveals Miller had decided to plead guilty to both charges—and had actually done so—before
the trial court raised the issue.


 It was also quite clear that the trial court admonished Miller of the
court's discretion to assess any sentence within the range of punishment, which for this case was five
to ninety-nine years or life imprisonment, plus a possible $10,000.00 fine, and that, even if Miller
applied for community supervision, the court was not required to order it. Regardless of whether
there was error


 in the trial court's suggestion of, and willingness to receive, an application for
community supervision, Miller has shown no harm from it. It was Miller's burden to establish he
was harmed by relying on any such incorrect admonishment. Harrison v. State, 688 S.W.2d 497,
499 (Tex. Crim. App. 1985); Tabora, 14 S.W.3d at 335. There was no such reliance or harm. Under
these circumstances, we overrule this contention of error.
            We affirm the judgment of the trial court.
 
                                                                                    Josh R. Morriss, III
                                                                                    Chief Justice

Date Submitted:          January 20, 2004
Date Decided:             February 27, 2004

Do Not Publish