Affirmed and Memorandum Opinion filed April 6, 2006









Affirmed
and Memorandum Opinion filed April 6, 2006.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00964-CR

____________

 

JOSEPH DEWAYNE
COSHATT,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 400th
District Court

Fort Bend County, Texas

Trial Court Cause No. 39,484

 



 

M E M O R A N D U M   O P I N I O N

After pleading guilty to possession of a
controlled substance, appellant Joseph Dewayne Coshatt entered a drug treatment
program.  He was later terminated from
that program, adjudicated guilty, and sentenced.  In eight issues, appellant claims his plea
was involuntary because he was not properly admonished as to the consequences
of his plea, he received ineffective assistance of counsel, and the trial judge
should have recused himself.  We affirm.








                                                  Background

Appellant was
indicted for possession of a controlled substance.  He applied for admission into a Fort Bend
county drug rehabilitation program called Closing Addiction=s Revolving Door
(the ACARD@ program).  The court then appointed an attorney to
represent appellant, and appellant pleaded guilty on February 26, 2004 and
entered the CARD program.  If appellant
completed the CARD program, his case would be dismissed, but if he did not, he
would be sentenced at the court=s discretion.

Appellant subsequently tested positive for
drug use and thus violated the CARD program=s rules.  On June 10, 2004, the trial court terminated
appellant from the CARD program and sentenced him to two years in state jail,
probated for five years and conditioned on his participation in a program
called Substance Abuse Felony Treatment (ASAFT@), which required
him to spend at least ninety days in a drug treatment facility.  After sentencing, appellant complained about
the drug-testing procedure that showed he had used drugs during treatment,
which he denied, and argued that his punishment was excessive.  The trial court appointed new counsel, who
filed a motion to reconsider punishment. 
The court granted the motion and held a new punishment hearing.  After the hearing, the court imposed the same
sentence but stayed the portion requiring participation in the SAFT program
pending compliance with all terms of probation. 
This appeal followed.

                                                      Analysis

                                              Voluntariness
of Plea








In issues five, six, and seven, appellant
argues that his plea was involuntary because the trial court did not properly
admonish him.  Before accepting a
defendant=s guilty plea, the trial court must
admonish the defendant of (1) the range of punishment, (2) the fact that the
court is not bound by the State=s sentencing
recommendation, (3) the limited right to appeal, (4) the possibility of
deportation, and (5) sex offender registration requirements.  See Tex.
Code Crim. Proc. Ann. art. 26.13(a) (Vernon Supp. 2005).  These admonishments may be oral or
written.  Id. art. 26.13(d)
(Vernon Supp. 2005).  Written
admonishments signed by a defendant create a presumption that the plea was
voluntary.  See Martinez v. State,
981 S.W.2d 195, 197 (Tex. Crim. App. 1998). 
For inadequate admonishments to invalidate a plea, the defendant must
make an objective showing that he was harmed or misled.  See Tabora v. State, 14 S.W.3d
332, 335 (Tex. App.CHouston [14th Dist.] 2000, no pet.); Ruffin
v. State, 3 S.W.3d 140, 145 (Tex. App.CHouston [14th
Dist.] 1999, pet. ref=d); see also Tex. Code Crim. Proc. Ann. art.
26.13(c) (Vernon Supp. 2005).

Appellant claims he was unaware of the
consequences of his plea because the trial court did not admonish him about the
procedures for and consequences of termination from the CARD program.  However, appellant fails to specify what
procedures and consequences the trial court failed to inform him about.  Thus, his argument fails for lack of
specificity.  See Costilla v. State,
84 S.W.3d 361, 364B65 (Tex. App.CBeaumont 2002)
(rejecting challenge to voluntariness of plea in part because appellant failed
to identify any admonishments that were not communicated to him), aff=d, 146 S.W.3d 213
(Tex. Crim. App. 2004).








Further, the record shows the trial court
gave appellant extensive written admonishments and that appellant initialed
each one and signed the document.  These
included admonishments that (a) the range of punishment was between six months
and two years in state jail and a fine of up to $10,000, (b) if he failed to
successfully complete the CARD program, he was subject to punishment within
this range at the court=s discretion, and (c) if he completed the
CARD program, the case against him would be dismissed.  Further, appellant was given a list of ten
rules and regulations for the CARD program, including a prohibition of drug
use.  At the hearing on his motion to
reconsider punishment,[1]
appellant testified that when he pleaded guilty, he had understood that he had
to follow all of the CARD program=s rules, including
refraining from drug use, and that if he did not complete the program, the
judge would sentence him within a range of six months= to two years=
incarceration.  We conclude the trial
court properly admonished appellant on the procedures for and consequences of
termination from the CARD program and that appellant has not met his burden of
rebutting the presumption that his plea was voluntary.

Finally, even assuming that the trial
court did not properly admonish appellant, appellant has not met his burden of
showing that he was harmed or misled.  See
Tabora, 14 S.W.3d at 335; Ruffin, 3 S.W.3d at 145.  Appellant argued that he should not be
terminated from the CARD program because he did not violate a rule (by using
drugs), not that he inadvertently violated a rule about which he was unaware or
confused.  Thus, he has not shown that
his termination from the CARD program resulted from his misunderstanding or
lack of knowledge about it.

Appellant also argues that the trial court
did not admonish him that his first appointed counsel had a conflict that
prevented counsel from properly representing him during the first punishment
hearing.  Assuming the trial court had
such a duty, as discussed below, appellant has not proven that counsel had a
conflict; moreover, if there was a conflict, any resulting harm was remedied
when the trial court appointed new counsel, granted appellant=s motion to reconsider,
and held a second punishment hearing.

We overrule appellant=s fifth, sixth,
and seventh issues.

                                     Ineffective
Assistance of Counsel








In his first four issues, appellant claims
that his first attorney provided ineffective assistance of counsel.  Ineffective assistance claims are governed by
the two-part test announced in Strickland v. Washington, 466 U.S. 668
(1984).  To prove ineffective assistance,
the appellant must show (1) that trial counsel=s representation
was deficient, falling below the standard of prevailing professional norms, and
(2) a reasonable probability that the result of the proceeding would have been
different but for trial counsel=s deficient
performance.  Id. at 687B96; Salinas v.
State, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005).  In the context of a guilty plea, the
appellant must show that but for counsel=s errors, there is
a reasonable probability that he would not have pleaded guilty.  Tabora, 14 S.W.3d at 336.

To support his ineffective assistance
claim, appellant argues that counsel (1) failed to inform him of the
consequences of and procedures for termination from the CARD program, (2) had a
conflict of interest that prevented her from properly representing him, and (3)
did not provide meaningful representation at the first sentencing hearing.  First, as with his complaint against the
trial court, appellant fails to specify which consequences and procedures
counsel failed to inform him about or how any such failure harmed him.  See Garcia v. State, 112 S.W.3d 839,
845 (Tex. App.CHouston [14th Dist.] 2003, no pet.)
(stating that to prove an ineffective assistance of counsel claim, the
appellant must identify the specific acts or omissions that fell below standard
of professional norms).  We also note
that because the trial court fully admonished appellant of the procedures for
and consequences of termination from the CARD program, appellant cannot show a
reasonable probability that any additional information from counsel would have
made him change his plea.  See Tabora,
14 S.W.3d at 336.  Thus, this ground for
appellant=s ineffective assistance of counsel claim
fails.








Appellant also claims counsel suffered
from a conflict of interest.  The Sixth
Amendment guarantees a defendant the right to conflict-free
representation.  Thompson v. State,
94 S.W.3d 11, 15 (Tex. App.CHouston [14th Dist.]
2002, pet. ref=d). 
To prove ineffective assistance of counsel based on a conflict of
interest, an appellant must prove that counsel had an actual conflict of
interest adversely affecting specific instances of counsel=s
performance.  See id. at 15B16.  Showing a mere possibility of a conflict is
not sufficient.  Id. at 16.  Appellant alleges counsel had a conflict
because she was compensated by the CARD program.[2]  Appellant has not explained how this fact
creates an actual conflict of interest or how it impacted specific instances of
her performance.  Thus, his ineffective
assistance claim on this basis lacks merit.

Finally, appellant complains that counsel
did not provide meaningful representation during the first punishment
hearing.  Even assuming counsel=s performance was
deficient, appellant cannot show he was prejudiced because the trial court
granted his motion to reconsider and held a new punishment hearing with new
counsel, about whom he does not complain. 
Appellant benefitted from this second hearing because the trial court
granted his request to avoid mandatory participation in the SAFT program and
its ninety-day in-patient treatment requirement.  Accordingly, we reject appellant=s ineffective
assistance claim based on counsel=s alleged failures
at the first punishment hearing.

We overrule appellant=s first four
issues.

                                                        Recusal

In his eighth issue, appellant complains
that the trial judge was biased and should have recused himself.  However, appellant never filed a motion to
recuse, and therefore he has waived this argument on appeal.  See Johnson v. Sepulveda, 178 S.W.3d
117, 118 (Tex. App.CHouston [14th Dist.] 2005, no pet.
h.).  Further, appellant=s argument appears
to center on the trial judge=s alleged Apersonal knowledge
of disputed evidentiary facts concerning the proceedings,@ but bias cannot
be established Abased solely on a trial judge=s previous
judicial relationship with a defendant.@  Kemp v. State, 846 S.W.2d 289, 306
(Tex. Crim. App. 1992).  We overrule
appellant=s eighth issue.

Having overruled appellant=s eight issues, we
affirm the trial court=s judgment.

 

 

/s/      Leslie Brock Yates

Justice

 

Judgment
rendered and Memorandum Opinion filed April 6, 2006.

Panel
consists of Chief Justice Hedges and Justices Yates and Anderson.

Do
Not Publish C Tex.
R. App. P. 47.2(b).











[1]  Our record
contains no transcript of either the plea hearing or the first sentencing
hearing.





[2]  The order
appointing counsel notes that Aone of the conditions of admission into the CARD
program is that each participant must be represented by [a] CARD Team Defense
Attorney.@