Affirmed and Memorandum Opinion filed June 24, 2010.



 



In The

 

Fourteenth Court of
Appeals

                                                                                          



NO. 14-09-00266-CR



 

Jacob Jacoby Rockward, Appellant

V.

The State of Texas, Appellee

 



On Appeal from the 434th
District Court

Fort Bend County, Texas

Trial Court Cause No. 46,691



 

MEMORANDUM  OPINION

 

After a guilty plea, appellant was convicted of
aggravated robbery and sentenced to ten years’ confinement in the Institutional
Division of the Texas Department of Criminal Justice.  In a single issue,
appellant contends the evidence is legally insufficient to sustain the trial
court’s finding that he used or exhibited a deadly weapon.  We affirm.

Appellant and six others participated in an
aggravated robbery in which two of the co-defendants approached the
complainant’s house, knocked on the door and asked to use the telephone.  When
the complainant opened the door, the men hit the complainant and forced their
way into his house.  In addition to beating him, they pointed a gun at the
complainant.  Appellant and his co-defendants stole the complainant’s mobile
phone, wallet, credit cards, and his rental car.  After his arrest, appellant
admitted that he participated in the home invasion and identified the other six
males who were involved.  

Appellant was charged by indictment, which contained
the following allegations :

PARAGRAPH ONE

while in the course of committing theft of property owned
by Samuel Jacob and with intent to obtain and maintain control of the property,
intentionally and knowingly threaten and place Samuel Jacob in fear of imminent
bodily injury and death, and the defendant did then and there use and exhibit a
deadly weapon, to wit: a firearm, or any of the following that in the manner of
their use or intended use were capable of causing death or serious bodily injury,
to wit: a BB Gun, or a CO2 Pellet Gun, or an unknown object.

PARAGRAPH 2

while in the course of committing theft of property owned
by Samuel Jacob and with intent to obtain and maintain control of the property,
intentionally and knowingly threaten and place Samuel Jacob in fear of imminent
bodily injury and death, and the defendant did then and there cause serious
bodily injury to Samuel Jacob, by striking him with his hand, or foot, or gun,
or unknown object.

In connection with his guilty plea, appellant
executed a judicial confession that provided:

I, the Defendant, after consultation with my attorney sign
this “Written Stipulation and Judicial Confession” and have placed my initials
in the brackets beside each, to stipulate and confess to the following:

That in Fort Bend County, Texas, I (the same individual
indicted in this cause) on 4/19/07, committed the acts alleged in the
indictment this cause. and that the evidence and testimony would prove beyond a
reasonable doubt that acts and allegations in the indictment in this cause are
true and correct[.]

Citing Jackson v. Virginia, 443 U.S. 307, 319
(1979), appellant challenges the legal sufficiency of the evidence to support
his conviction.  However, the Jackson standard does not apply when a
defendant knowingly, intelligently, and voluntarily enters a plea of guilty.  See
Ex Parte Williams, 703 S.W.2d 682–83 (Tex. Crim. App. 1986).  On appeal
from a felony guilty plea to the court, our review is limited to determining
whether sufficient evidence supports the judgment under article 1.15 of the
Code of Criminal Procedure.  Id. at 678.

Under article 1.15, the State is required to
introduce sufficient evidence to support the judgment.  Tex. Crim. Proc. Code
Ann. art. 1 .15.  Appellant claims that evidence admitted at the presentence
investigation hearing is insufficient to show that he used or exhibited a
deadly weapon.  The record reflects that the investigating officer testified
that based on information he obtained, he believed that appellant used the
pistol and pointed it at the complainant.  The officer based his belief on the
testimony of one of appellant’s co-defendants.  Appellant argues that the trial
court’s determination that appellant used or exhibited a deadly weapon is supported
by insufficient evidence because “accomplice witness testimony is
well-recognized to be self-serving and unreliable.”  However, corroboration of
accomplice witness testimony is not required regarding a deadly weapon
finding.  Vasquez v. State, 59 S.W.3d 46, 48 (Tex. Crim. App. 2001). 


Moreover, appellant executed a judicial confession
stating that he committed the acts alleged in the indictment.  He argues,
however, that he did not admit to use of a deadly weapon.  A trial court may
make an affirmative finding of the use or exhibition of a deadly weapon against
a defendant during the commission of the offense as long as the defendant (1)
was a party to an offense where a deadly weapon was used or exhibited, and (2)
knew such a weapon would be used or exhibited.  Sarmiento v. State, 93
S.W.3d 566, 569 (Tex. App.—Houston [14th Dist.] 2002, pet. ref’d).  Because
appellant was charged with aggravated robbery, the use of a deadly weapon was
alleged in the indictment as an element of the offense.

A judicial confession will sustain a conviction upon
a guilty plea even if the defendant does nothing more than affirm the
indictment’s allegations are true and correct. See Tabora v. State, 14
S.W.3d 332, 337–38 (Tex. App.—Houston [14th Dist.] 2000, no pet.).  Because the
use or exhibition of a deadly weapon was pleaded in the indictment and
appellant judicially confessed to the allegations in the indictment, his
judicial confession is sufficient evidence to support the finding that he used
or exhibited a deadly weapon.  See id.  Appellant’s issue is overruled.

The judgment of the trial court is affirmed.

                                                                                    PER
CURIAM

 

 

 

Panel consists of Justices Anderson, Frost, and Seymore.

Do Not Publish — Tex. R. App. P. 47.2(b).