

# NUMBER 13-10-00391-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## EX PARTE GUILLERMO GARZA

### On appeal from the 92nd District Court
### of Hidalgo County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Garza**
**Memorandum Opinion by Justice Rodriguez**

Appellant Guillermo Garza filed an application for writ of habeas corpus, asserting that his attorney did not advise him that a guilty plea would affect his current permanent resident status. By two issues, Garza contends that the trial court abused its discretion when it denied his habeas application (1) in light of the United States Supreme Court's decision in *Padilla v. Kentucky*, 130 S. Ct. 1473, 1477-83 (2010), and (2) without first conducting an evidentiary hearing or ordering his trial counsel to submit an affidavit in response to his application. We reverse and remand.

## I. Background[1]

Guillermo Garza states that he is a Mexican national lawfully admitted to the United States on or about January 8, 1973. On January 21, 2005, Garza entered a plea of guilty to the charge of possession with intent to deliver a controlled substance, a second-degree felony. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(a), (d) (West 2010). Prior to entering his plea, the trial court admonished Garza in open court and in writing that if he was not a United States citizen, a plea of guilty to the charged offense "may result in deportation, exclusion from admission to the country, or denial of naturalization under federal law." *See* TEX. CODE CRIM. PROC. ANN. art. 26.13(a)(4) (West Supp. 2011). Garza's trial counsel also signed a statement indicating that he believed, among other things, that Garza understood his constitutional and procedural rights, was mentally competent, was aware of the consequences of the plea, and understood the admonitions of the trial court. After concluding that Garza entered his plea of guilty freely and voluntarily, the trial court found Garza guilty and sentenced him to eight years' confinement in the Institutional Division of the Texas Department of Criminal Justice. The trial court suspended Garza's sentence and placed him on community supervision for eight years. On November 2, 2007, Garza was granted early termination of his community supervision.

Garza asserts that on February 24, 2010, he was detained by officials with U.S. Immigration and Customs Enforcement (ICE). While applying for asylum during his removal proceeding, Garza filed a motion with the trial court to set aside his plea

---

[1] Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* TEX. R. APP. P. 47.4.

2

agreement, alleging that he had been unlawfully restrained of his liberty by ICE and that his guilty plea was entered unintelligently, unknowingly, and involuntarily as a result of his trial counsel's failure to advise him of the adverse immigration consequences of his plea. *See id.* art. 11.072 (West 2005). A hearing on the motion was scheduled for May 5, 2010; however, there is no record of an evidentiary hearing occurring on that day. Rather, on May 6, 2010, Garza filed an application for writ of habeas corpus and a request for a bench warrant with the trial court.

In his May 6 application, Garza again claimed that his plea was entered involuntarily due to ineffective assistance of counsel. Garza more specifically alleged that his previous trial counsel had failed to inform him that because of his felony conviction, the plea would affect his permanent resident status. In support of his application, Garza alleged that he would not have pleaded guilty had he known he would lose his permanent resident status and would be deported. Garza also argued that *Padilla,* a recent Supreme Court decision, directly applied because his previous trial counsel never advised him that, as a result of his aggravated felony conviction, he would lose his permanent resident status and be deported. *See Padilla*, 130 S. Ct. at 1483; *see also* 8 U.S.C.A. § 1227(a)(2)(B)(i) (West 2005 & Supp. 2011) (providing, in relevant part, that "[a]ny alien . . . in and admitted to the United States *shall*, upon the order of the Attorney General, be removed if the alien . . . at any time after admission has been convicted of a violation of . . . any law or regulation of a State . . . relating to a controlled substance . . . .") (emphasis added).

In support of his application, Garza attached his affidavit, in which he set out that his appointed trial counsel never advised him that a guilty plea would subject him to a

removal proceeding—"Not once was I **ever** told [by my attorney] that if I accepted the charge, I would be deported. . . ."[2]   It is clear from the record that the trial court did not order Garza's trial counsel to provide an affidavit on this matter.

On May 20, 2010, the State responded to Garza's motion and his application for a writ.   On May 21, 2010, without a hearing to develop Garza's claim, the trial court entered its findings of fact, conclusions of law, and an order denying Garza's application for a writ of habeas corpus.   In its order, the trial court concluded that Garza had satisfied neither prong of the *Strickland* test for ineffective assistance of counsel.   *See Strickland v. Washington*, 566 U.S. 668, 694 (1984).   Garza appeals from the trial court's denial of his application for writ of habeas corpus.

## II.   Development of the Habeas Record

By his second issue, which is dispositive of this appeal, *see* TEX. R. APP. P. 47.1, Garza contends that the trial court abused its discretion when it did not allow him an opportunity to appear in person and to testify at a hearing regarding his habeas application.   He also asserts that the trial court abused its discretion when it did not order trial counsel to file an affidavit, in response to Garza's allegations, describing counsel's recollection of the case in question.

Article 11.072 of the Texas Code of Criminal Procedure provides that, in making its determination on an application for a writ of habeas corpus seeking relief from an order or a judgment of conviction ordering community supervision, the trial court "may order affidavits, depositions, interrogatories, or a hearing, and may rely on the court's personal recollection."   TEX. CODE CRIM. PROC. ANN. art. 11.072, § 6(b).   Section 6(b) of article

---

[2] Garza also attached the affidavit of his wife describing how Garza was a devoted father and how she would face financial hardship if he were to be deported.

4

11.072 clearly reflects that the trial court has the discretion to determine what is necessary to make its determination. *See id.*; *Ex parte Cummins*, 169 S.W.3d 752, 757 (Tex. App.—Fort Worth 2005, no pet.); *Ex parte Gonzalez*, 323 S.W.3d 557, 558 (Tex. App.—Waco 2010, pet. ref'd).

However, if the habeas record requires factual development, the appellate court can remand the writ to the habeas court for a new habeas hearing. *See Ex parte Cherry*, 232 S.W.3d 305, 308 (Tex. App.—Beaumont 2007, pet. ref'd). An appellate court's ruling "should be based upon the habeas court's application of the law to the facts." *Id.* at 307. The reviewing court "should not be required to guess or speculate regarding what facts [the habeas court] may have considered as important to its conclusion." *Id.* Moreover,

> [a] claim for ineffective assistance of counsel must be affirmatively supported by the record. Therefore, in determining the voluntariness of a guilty plea, the court should examine the record as a whole. The record should focus specifically on the conduct of trial counsel. Such a record is best developed in the context of [an evidentiary] hearing on application for writ of habeas corpus or motion for new trial.

*Tabora v. State*, 14 S.W.3d 332, 336 (Tex. App.—Houston [14th Dist.] 2000, no pet.).

In this case, the trial court found that it had admonished Garza of the consequences of his plea in accordance with article 26.13 of the Texas Code of Criminal Procedure; its written admonishments included the possibility that Garza's plea could result in deportation, exclusion from admission to the country, or denial or naturalization under federal law. In addition, the judgment sets out that the trial court admonished Garza that if he is not a citizen of the United States of America, a plea of guilty may result in deportation under federal law. The record also contains a waiver of rights, consent to stipulation of evidence and/or testimony, and plea of guilty signed by Garza. Trial

counsel signed this document stating, in relevant part, that he believed Garza understood the admonitions of the trial court. However, the habeas record does not adequately reflect what counsel actually advised Garza regarding his plea to the charged offense and its consequences for Garza's immigration status. *See* 8 U.S.C.A. § 1227(a)(2)(B)(i); *see also Padilla*, 130 S. Ct. at 1483 (holding that where the immigration statute in question is clear and succinct in defining the removal consequence for a conviction, defense counsel has a duty to give correct advice to his client); *Ex parte De Los Reyes*, 350 S.W.3d 723, 731 (Tex. App.—El Paso 2011, pet. granted) (concluding that an "admonishment that the plea 'may' result in deportation" is insufficient under *Padilla* when the defendant's deportation is a "near certainty"); *Ex parte Tanklevskaya,*No. 01-10-00627-CR, 2011 Tex. App. LEXIS 4034, at *32 (Tex. App.—Houston [1st Dist.] May 26, 2011, pet. filed) (determining that the trial court's admonishment that the appellant's plea "may result in deportation, exclusion from admission to this country, or denial of naturalization under federal law" did "not cure the prejudice arising from plea counsel's failure to inform applicant that, upon pleading guilty, she would be presumptively inadmissible").

As acknowledged by the State, Garza has alleged a claim of ineffective assistance of counsel, which, if true, could entitle him to relief. The State further concedes that it should have recommended that the trial court obtain an affidavit from trial counsel or that the trial court hold an evidentiary hearing to resolve factual issues raised in Garza's ineffective-assistance-of-counsel claim. Finally, the State brings to our attention that the trial court previously set a hearing on Garza's motion to set aside the plea agreement, a motion which we construe as his first application for a writ of habeas corpus on this claim. However, nothing in the record explains why that evidentiary hearing was not held.

In light of the above, including the trial court's initial decision to set a hearing, the State now suggests that the proper disposition of this appeal would be to remand to the trial court for further development of the record, specifically focusing on the conduct of trial counsel. We agree. Such a record is best developed in the context of an evidentiary hearing on application for writ of habeas corpus or on a motion for new trial. *See Ex parte Cherry*, 232 S.W.3d at 307-08; *Tabora*, 14 S.W.3d at 336.

Accordingly, we conclude that the trial court abused its discretion when it denied Garza's habeas application without first conducting an evidentiary hearing and sustain Garza's second issue. Because our determination of this issue is dispositive of the appeal, we do not address Garza's first issue.

## III. CONCLUSION

We reverse the order of the trial court and remand for proceedings consistent with this opinion.[3]

NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the 15th
day of March, 2012.

---

[3] Garza asks this Court to order that a different trial court judge be assigned to his case. We decline to do so. While we review orders denying motions to recuse, under the facts of this case, we cannot order the appointment of a different judge to preside over this matter on remand. *See Gaal v. State*, 332 S.W.3d 448, 456 (Tex. Crim. App. 2011) (citing TEX. R. CIV. P. 18a(f) ("If the motion [to recuse] is denied, it may be reviewed for abuse of discretion on appeal from the final judgment. If the motion is granted, the order shall not be reviewable, and the presiding judge shall assign another judge to sit in the case.")).