**Affirmed and Memorandum Opinion filed July 30, 2019.**



In The

# Fourteenth Court of Appeals

### NO. 14-18-00432-CR

**LUCIAN  PALMER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 228th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1457960**

### MEMORANDUM  OPINION

In a single issue, appellant contends that his trial counsel rendered ineffective assistance because counsel gave erroneous advice to appellant about the range of punishment. We affirm.

## I.    Background

After appellant pleaded guilty to a burglary, the trial court placed appellant on deferred adjudication community supervision. As reflected by the plea

paperwork that appellant signed and initialed, the burglary charge was enhanced by one prior felony conviction so the punishment range was imprisonment for five to ninety-nine years or life.[1]

The State moved to revoke, alleging among other things that appellant committed a new law violation of robbery causing bodily injury. A "case reset form" is included in the appellate record and dated subsequent to the State's motion. Under a typewritten section titled "The State has offered" is a handwritten note "counter offer 5 TDC."

Ultimately, appellant pleaded "true" to the allegations in the State's motion without an agreement as to punishment. During the punishment hearing, the State presented testimony from appellant's sister. She was the complainant in the original burglary charge and the new law violation of robbery causing bodily injury. She testified about how appellant snuck into her house on Christmas Eve, assaulted her, threatened to kill her, and stole her car, cell phone, and several hundred dollars. She testified about appellant's criminal history involving multiple burglaries. Appellant testified about his history with drugs, mental illness, and criminal offenses against his sister and father. Appellant admitted to entering his

---

[1] Citing to twenty pages in the Clerk's Record, appellant contends that the admonishments in the plea paperwork "reflect that he was admonished as to the second-degree punishment range." Page twenty-nine of the Clerk's Record shows that appellant initialed next to the following paragraph describing the range of punishment:

> SECOND DEGREE FELONY WITH ONE ENHANCEMENT: if a second degree felony is enhanced with one prior felony conviction, a term of life or any term of not more than 99 years or less that 5 years in the Institutional Division of the Texas Department of Criminal Justice and, in addition, a possible fine not to exceed $10,000 may be assessed.

The paragraph for "SECOND DEGREE FELONY" describing a punishment range of two to twenty years had been crossed out, like every other category of offense other than "SECOND DEGREE FELONY WITH ONE ENHANCEMENT."

sister's home, assaulting her, and absconding with her vehicle. He claimed that his sister "initiated combat," but he admitted that she had the legal right to do so.

The trial court initially assessed appellant's punishment at forty years' confinement. But trial counsel informed the court that he told appellant the punishment range was only two to twenty years' imprisonment:

> TRIAL COUNSEL: The issue is that I did not realize that he had pled true [to an enhancement] and his range of punishment would be 5 to life. I advised him that it was 2 to 20. And based on the conversations we had throughout this case and him being on probation for burg hab, we were all operating under the working assumption that he was 2 to 20. So in his decision to persist in the plea—
>
> THE COURT: And have me hear these shitty facts?
>
> TRIAL COUNSEL: Right, that was his decision, that he wanted you to hear his side of the story, too. But in making that decision, he was under the impression that the most you could give him was 20.

The trial court reformed the sentence to twenty years' imprisonment but said, "[E]very day that he sits on that 20, he needs to know that I wanted him to do twice that."

Appellant did not file a motion for new trial.

## II.    Legal Principles

To prove ineffective assistance of counsel, a defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Lafler v. Cooper*, 556 U.S. 156, 163 (2012). A defendant must establish this prejudice by a preponderance of the evidence. *See Ex parte Rogers*, 369 S.W.3d 858, 862–63 (Tex. Crim. App. 2012).

In the context of pleas, a defendant must show that the outcome of the plea process would have been different. *Lafler*, 566 U.S. at 163. If a defendant has accepted a plea, the defendant must show that there is a reasonable probability that

but for counsel's error, the defendant would not have pleaded guilty and would have insisted on going to trial. *Id.* If the defendant has rejected a plea, the defendant must show that but for the deficient advice of counsel there is a reasonable probability that a "plea offer would have been presented to the court (i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms, would have been less severe than under the judgment and sentence that in fact were imposed." *Id.* at 164.

## III. No Prejudice

Appellant contends that he was deprived of fair and informed plea negotiations, and but for counsel's deficient performance, he would not have pleaded "true" to the State's motion to adjudicate guilt.

Nothing in the record shows that if counsel had informed appellant of the proper range of punishment, he would have pleaded "not true" to the State's allegations. Trial counsel told the court that appellant made the decision to "tell his side of the story" while "under the impression" that the maximum punishment was twenty years' imprisonment. The trial court sentenced appellant within the range told to him by his attorney even though the trial court believed appellant deserved a greater sentence. During his testimony, appellant admitted to the new law violation and his criminal history. Under the facts of this case, there is no reasonable probability that appellant would have pleaded "not true" to the State's motion to adjudicate guilt had he been informed of the proper range of punishment. *See Tabora v. State*, 14 S.W.3d 332, 337 (Tex. App.—Houston [14th Dist.] 2000, no pet.) (although the defendant may have been misled by counsel's erroneous advice that the defendant was eligible for deferred adjudication probation, the

4

record did not show that the defendant would not have pleaded "no contest" or that the plea was actually induced by the misinformation).

To the extent appellant contends that he rejected a plea offer based on the notation on the "case reset" form, the record is insufficient to establish his contention. The record does not show who made the supposed "counter offer" of five years' imprisonment, whether it was appellant or the State that rejected it, whether appellant would have accepted a plea more favorable than his twenty-year sentence, and whether the State and trial court would have agreed to a sentence less than twenty years. *See Lafler*, 566 U.S. at 164.

Appellant has not shown prejudice to sustain a claim of ineffective assistance.

## IV. Conclusion

Appellant's sole issue is overruled. The trial court's judgment is affirmed.

/s/    Ken Wise
       Justice

Panel consists of Justices Wise, Jewell, and Hassan.

Do Not Publish — Tex. R. App. P. 47.2(b).