NO. 07-06-0311-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



AUGUST 15, 2006


______________________________



PEDRO SANTILLANO,



 Appellant


V.



PAT I. MARTIN,



 Appellee _________________________________



FROM THE 285th DISTRICT COURT OF BEXAR COUNTY;



NO. 2004-CI-18165; HONORABLE MARTHA TANNER, JUDGE


_______________________________



MEMORANDUM OPINION


_______________________________



Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

 Pedro Santillano, appellant, appealed from a final judgment of the trial court. We
dismiss the appeal.

 The clerk's record was filed with this court on June 26, 2006, and the reporter's
record was filed on June 7, 2006. Appellant's brief, therefore, was due on July 26, 2006. 
By letter dated August 2, 2006, we notified appellant that the due date for the brief had
passed, that the brief had not been filed and that no motion for extension of time to file the
brief had been received by the court. Citing Texas Rule of Appellate Procedure 38.8, we
also informed appellant that the appeal would be subject to dismissal unless a response
reasonably explaining his failure to file a brief was filed by August 14, 2006. To date,
appellant has filed neither a response to the court's August 2nd letter, a brief nor a motion
requesting an extension of the lapsed deadline. 

 Accordingly, we dismiss the appeal for want of prosecution. Tex. R. App. P.
38.8(a)(1); 42.3(b).

 

 Brian Quinn

 Chief Justice



lated the conditions of his community supervision by committing two new
drug-related offenses. At the joint hearing on these motions held in May 2006, through an
interpreter appellant pled not true to the violations alleged. The State abandoned the
second violation alleged in each motion, proceeding only on the allegation appellant
delivered a controlled substance on January 22, 2006. The trial court heard testimony
from Bobby Tyler of the Department of Public Safety and Tommy Hinson, a drug user who
worked with Tyler in conducting controlled buys of drugs. Hinson purchased cocaine from
appellant at appellant's home while Tyler listened to the transaction using a transmitter
carried by Hinson. Tyler did not see the transaction, but did see appellant briefly outside
the house. 

 The trial court found appellant violated the conditions of his community supervision
and found appellant guilty in each case. The court assessed punishment at 15 years
confinement for possession in cause number 3528, and 65 years confinement for delivery
of a controlled substance in cause number 3595. Appellant perfected appeal from each
judgment. 

 Appellant's appointed counsel has filed a motion to withdraw and a brief in support
pursuant to Anders v. California, 386 U.S. 738, 744-745, 87 S.Ct. 1396, 18 L.Ed.2d 493
(1967), in which he certifies that he has searched the record and, in his professional
opinion, under the controlling authorities and facts of this case, there is no reversible error
or legitimate grounds upon which a non-frivolous appeal can arguably be predicated. The
brief discusses the procedural history of the case and the evidence presented at trial. 
Counsel has certified that a copy of the Anders brief and motion to withdraw have been
served on appellant, and that counsel has advised appellant of his right to review the
record and file a pro se response. Johnson v. State, 885 S.W.2d 641, 645 (Tex.App.-
Waco 1994, pet. ref'd). By letter, this court also notified appellant of his opportunity to
submit a response to the Anders brief and motion to withdraw filed by his counsel.
Counsel's brief does not discuss potential issues with an explanation of why they could not
support the appeal. Appellant has filed a response raising several potential issues. The
State has not filed a brief.

 In conformity with the standards set out by the United States Supreme Court, we will
not rule on the motion to withdraw until we have independently examined the record. 
Nichols v. State, 954 S.W.2d 83, 86 (Tex.App.-San Antonio 1997, no pet.). If this court
determines the appeal has merit, we will remand it to the trial court for appointment of new
counsel. See Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App.1991).

 Appellant's pro se response initially complains his appellate attorney failed to
respond to appellant's request for a copy of the record. Counsel's letter to appellant
explaining his right to file a pro se response states counsel provided a copy of the
reporter's record from the adjudication hearing. Appellant also presents complaints
regarding his pleas of guilty when adjudication was deferred. As no appeal was perfected
from the decision to defer adjudication of guilt, appellant may not now raise errors that
occurred in that proceeding. Hargesheimer v. State, 182 S.W.3d 906, 909 (Tex.Crim.App.
2006); Manuel v. State, 994 S.W.2d 658, 661-62 (Tex.Crim.App. 1999). (1) After an
adjudication of guilt, appeal may be brought challenging issues arising at the subsequent
punishment hearing, including claims of ineffective assistance of counsel. Kirtley v. State,
56 S.W.3d 48, 51 (Tex.Crim.App. 2001). 

 Appellant complains he has been denied reasonably effective assistance of counsel
because his counsel failed to secure the services of an interpreter from the Mexican
Consulate and the interpreter used in the trial court was not qualified. To establish denial
of the effective assistance of trial counsel an appellant must establish (1) his counsel's
performance was deficient, and (2) the deficient performance prejudiced the defense. 
Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984),
Hernandez v. State, 726 S.W.2d 53, 57 (Tex.Crim.App. 1986). This standard applies to
claims arising from a noncapital sentencing phase. Hernandez v. State, 988 S.W.2d 770,
772 (Tex.Crim.App. 1999). The first component of Strickland is met by showing trial
counsel made errors so significant that he was not functioning as the counsel guaranteed
by the Sixth Amendment to the United States Constitution. 466 U.S. at 687. To show
prejudice, the defendant must show there is a reasonable probability that, but for counsel's
unprofessional errors, the result of the proceeding would have been different. A
reasonable probability is a probability sufficient to undermine confidence in the outcome. 
Id. at 694. A claim of ineffective assistance of counsel must be affirmatively supported by
the record. Tabora v. State, 14 S.W.3d 332, 336 (Tex.App.-Houston [14th Dist.] 2000, no
pet.). 

 We initially note that appellant told the trial court following his sentencing that he
was satisfied with the representation of the retained counsel who represented him at the
adjudication proceeding. The record also shows an interpreter was appointed and sworn
at that proceeding pursuant to article 38.30(a) of the Code of Criminal Procedure. Tex.
Code Crim. Proc. Ann. art. 38.30(a) (Vernon 2005). There is authority that a foreign
national (2)
 who has been arrested must be advised of his right to contact his consulate. 
Maldonado v. State, 998 S.W.2d 239, 247 (Tex.Crim.App. 1999) (citing Vienna Convention
on Consular Affairs, art. 36(1)(b), 21 U.S.T. at 100-101; 595 U.N.T.S. at 292). The record
before us does not contain any evidence demonstrating whether appellant was informed
of his right to contact the Mexican Consulate. In any event, however, we find no authority
appellant was entitled to the services of an interpreter from the Mexican Consulate. (3) 
Appellant's contention the interpreter used in the trial court was not qualified refers to the
requirements of article 38.31(g) of the Code of Criminal Procedure. Those requirements
apply to interpreters for deaf persons. Tex. Code Crim. Proc. Ann. art. 38.31(g) (Vernon
2005). The record before us does not affirmatively support an arguably meritorious
contention that appellant's counsel was deficient because of a failure to obtain an
interpreter from the consulate for the adjudication proceeding. 

 Our review convinces us that appellate counsel conducted a complete analysis of
the record. We have also made an independent examination of the record to determine
whether there are any non-frivolous grounds on which an appeal could arguably be
founded. See Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); 
Stafford, 813 S.W.2d at 511. We agree it presents no meritorious issue which would
support an appeal. Accordingly, we grant counsel's motion to withdraw (4) and we affirm
both judgments of the trial court. 

 James T. Campbell

 Justice

Publish.
1. Additionally, the adjudication of appellant's guilt occurred before the effective date
of Senate Bill 909 in the 80th Legislature, which authorizes appeals from the decision to
adjudicate guilt. Act of June 15, 2007, 80th Leg. R.S., Ch. 1308, § 1, 2007 Tex. Gen. Laws
____ (amending Tex. Code Crim. Proc. art. 42.12, § 5).
2. Appellant asserts on appeal that he is a Mexican citizen, and a Department of
Public Safety arrest report contained in the record indicates that fact. Offense reports
appearing in the record also show appellant had a residence in Texas, and possessed a
Texas driver's license and a social security number. For purposes of this opinion, we
assume appellant is a foreign national. 

3. See Sanchez-Llamas v. Oregon, ___ U.S. ___, 126 S.Ct. 2669, 165 L.Ed.2d. 2669
(2006) (addressing judicial enforcement of Vienna Convention on Consular Affairs); Sierra
v. State, 218 S.W.3d 85 (Tex.Crim.App. 2007) (same). 
4. In granting counsel's motion to withdraw, however, we remind counsel to insure
that he has complied with the "educational"duty to inform appellant of his right to file a pro
se petition for discretionary review in the Court of Criminal Appeals. Ex parte Owens, 206
S.W.3d 670 (Tex.Crim.App. 2006).