NO. 07-05-0006-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



JANUARY 11, 2007


 ______________________________



GARY DECKER, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE 286TH DISTRICT COURT OF HOCKLEY COUNTY;



NO. 04-04-5708; HONORABLE HAROLD PHELAN, JUDGE


_______________________________




Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION
 

 Appellant Gary Decker was convicted of sexual assault and, on direct appeal,
challenges the resulting jury-assessed punishment of 15 years in the Texas Department
of Criminal Justice Institutional Division. We will affirm.

 Appellant raises a single point of error contending he received ineffective assistance
of counsel during the punishment phase of his trial. In Strickland v. Washington, 466 U.S.
668 (1984), the Supreme Court articulated a two-pronged test to be used when analyzing
a claim of ineffective assistance of counsel. In order to obtain a reversal on the grounds
of ineffective assistance of counsel, an appellant must show that (1) counsel's
representation fell below an objective standard of reasonableness and (2) the deficient
performance prejudiced appellant. Id. at 687, 691. The Texas Court of Criminal Appeals
adopted this test for criminal cases in Hernandez v. State, 726 S.W.2d 53 (Tex.Crim.App.
1986).

 To satisfy the first prong of the Strickland test, appellant must show that counsel
made errors so serious that he was not functioning as the "counsel" guaranteed by the
Sixth Amendment. Strickland, 468 U.S. at 687. He must demonstrate that counsel's
performance was unreasonable under prevailing professional norms and that the
challenged action was not sound trial strategy. Id. at 689, 690. Appellant bears the burden
of proving ineffective assistance, and our review of counsel's performance must be highly
deferential. Andrews v. State, 159 S.W.3d 98, 101 (Tex.Crim.App. 2005); Bone v. State,
77 S.W.3d 828, 833 (Tex.Crim.App. 2002); Jackson v. State, 877 S.W.2d 768, 771
(Tex.Crim.App. 1994). There is a strong presumption that counsel's conduct falls within
a wide range of reasonable professional assistance, and the defendant must overcome the
presumption. Andrews, 159 S.W.3d at 101; Bone, 77 S.W.3d at 833.

 The adequacy of defense counsel's assistance is based upon the totality of the
representation rather than by isolated acts or omissions of trial counsel. Thompson v.
State, 9 S.W.3d 808, 814 (Tex.Crim.App. 1999). Although the constitutional right to
counsel ensures the right to reasonably effective counsel, it does not guarantee errorless
counsel whose competency or accuracy of representation is to be judged by hindsight. 
Rylander v. State, 101 S.W.3d 107, 110 (Tex.Crim.App. 2003); Bone, 77 S.W.3d at 833;
Ex parte Kunkle, 852 S.W.2d 499, 505 (Tex.Crim.App. 1993); Ingham v. State, 679 S.W.2d
503, 509 (Tex.Crim.App. 1984). 

 To defeat a presumption of reasonable professional assistance, any allegation of
ineffectiveness must be firmly rooted in the record. Thompson, 9 S.W.3d at 813-14;
Tabora v. State, 14 S.W.3d 332, 336 (Tex.App.-Houston [14th Dist.] 2000, no pet.). The
record on direct appeal is, in almost all cases, inadequate to show that counsel's conduct
fell below an objectively reasonable standard of performance and the better course is to
pursue the claim in habeas proceedings. Bone, 77 S.W.3d at 833; Moore v. State, 140
S.W.3d 720, 728 (Tex.App.-Austin 2004, pet. ref'd). Absent evidence of counsel's
reasons for the challenged conduct, we will not conclude the challenged conduct
constituted deficient performance unless the conduct was so outrageous that no competent
attorney would have engaged in it. Garcia v. State, 57 S.W.3d 436, 440 (Tex.Crim.App.
2001). 

 In his brief, appellant directs our attention to seven instances of alleged ineffective
assistance of counsel during the punishment phase of his trial. For purposes of our
discussion, we divide the seven instances into three categories: (1) trial counsel's failure
to object; (2) trial counsel's failure to engage in further jury argument; and (3) trial counsel's
comments during closing argument.

 

Failure to Object

 Three of appellant's complaints revolve around trial counsel's purported failure to
object. He first complains of his counsel's failure to object to two statements within the
following section of the prosecutor's argument on punishment:

 First of all, the fine, don't spend a lot of time on it. Just don't spend a lot of time on
it. If the Defendant is sentenced to the penitentiary, he never pays a penny of the
fine. If he is placed on probation, he may, over a period of time, pay part or all of
that probation- of that fine; but, it just goes in the general coffers. It doesn't go to
recompense the victim or anything like that. So, a fine looks good. A fine sounds
good. It's window dressing, but it's really not that important. So, don't waste a lot
of time on it.

 No. 2, quite often I hear from jurors that they think that what they would like to do
is to figure out some way to send someone to the penitentiary for some shorter
period of time and then place them on a long probation with the idea that we know
that we have got their attention and maybe they can make a productive citizen over
a period of time.

 The law doesn't allow that. Okay? That just isn't one of your options. The options-
your decision must be on that list between probation and 20 years in the
penitentiary.

(emphasis added by appellant).

 In particular, appellant complains "[t]rial counsel failed to object to the prosecutor's
misstatements of the law and argument outside the record when he discussed the subject
of fine, whether Appellant would ever pay a fine assessed by the jury and to where or
whom the fine money may be allocated." Appellant argues that the prosecutor's
statements left the jury with the impression appellant could ignore the payment of a fine
if granted probation and misguided the jury with regard to their sentencing options. 

 We cannot agree counsel's failure to object to the prosecutor's statements
concerning payment of fines is evidence of deficient performance. To begin with, the
statements were not necessarily detrimental to appellant. As his brief and the record
makes clear, appellant's goal was to secure from the jury a recommendation of probation.
The prosecutor's statement that a defendant sentenced to the penitentiary "never pays a
penny" of a fine was followed by his statement that "If he is placed on probation, he may,
over a period of time, pay part or all of that . . . fine." Counsel, as a part of a sound trial
strategy, could well have decided to ignore the statement, in anticipation of making clear
to the jury during his own argument that appellant would be required to comply with all the
conditions of his probation or face the risk of revocation. Counsel did so during his
argument, stating that, under probation, appellant would have a sentence in the
penitentiary "looming over him, ready to drop with him violating any one of the provisions
ordered by the Court." (1) Under the record before us, we cannot conclude trial counsel's
alleged failure to object to the prosecutor's comments was not sound trial strategy. 
Strickland, 468 U.S. at 690; Bone, 77 S.W.3d at 833. 

 Appellant secondly points to trial counsel's failure to "object to the prosecutor's
misstatement of the law when he promoted the proposition concerning the unavailability
of any provision in the law in which an offender may be sentenced to a term of
imprisonment, followed by a lengthy term of probation." He contends the prosecutor's
statement that the "law doesn't allow that" was misleading because it ignored the trial
court's authority to impose up to 180 days confinement in the county jail as a condition of
community supervision. See Tex. Code Crim. Proc. Ann. art. 42.12, § 12 (stating "[i]f a
judge having jurisdiction of a felony case requires as a condition of community supervision
that the defendant submit to a period of confinement in a county jail, the period of
confinement may not exceed 180 days"). Appellant argues that counsel's failure to object
to the statement and request an instruction clarifying the possibility of jail time as a part of
probation is the equivalent of the failure to object that required reversal in Andrews, 159
S.W.3d at 103. We disagree. Although the statement may have presented an inaccurate
picture of the sentencing options open to the trial court if the jury recommended probation,
in its context, which focused on the sentencing options given the jury under the court's
charge, it was not so clearly a misstatement of the law as to require objection. 

 Appellant also complains trial counsel failed to object "to the note provided to the
jury by the trial court which was a comment on the weight of the evidence." Shortly after
the jury began its deliberations on punishment, it sent a note to the trial judge asking, "[i]f
we sign form 1 using a time [less than] ten years, is it up to the judge to choose serving
time or probation?" The trial judge suggested to the prosecutor and defense counsel that
he would send a note to inform the jury that he could not advise them further on the
question. At the suggestion of the prosecutor, however, the court provided a response
stating to the jury, "[p]robation may be granted only upon completing [Verdict] Form # 2." 
Defense counsel stated he had no objection to the prosecutor's suggestion. 

 For at least two reasons, we find trial counsel's agreement to the court's response
to the jury's question did not constitute deficient performance. First, the court's response
to the jury's question was correct, in that, of the two verdict forms provided the jury, Verdict
Form No. 2 was the only one that provided a space for the jury to recommend a probated
sentence. Second, given the goal of obtaining a probation recommendation, trial counsel
reasonably could have determined that directing the jury's attention from Verdict Form No.
1, which provided no probation option, to Form No. 2 was favorable to appellant. Andrews,
159 S.W.3d at 101; Bone, 77 S.W.3d at 833. 

Failure to Engage in Further Jury Argument

 Next, appellant contends trial counsel provided ineffective assistance of counsel to
appellant "when he failed to take advantage of the opportunity to engage in further jury
argument on the issue of probation for Appellant after the trial court's receipt of a jury note
which clearly indicated that the jury was leaning toward rejection of Appellant's application
for probation and assessing a term of confinement in the penitentiary." During
deliberations, the trial court received a note from the jury which asked, "If we choose a
sentence of 15 years, what is the minimum time of incarceration[?]" On their examination
of the note, the trial court and both counsel realized that the mandatory instruction under
section 4(a) of article 37.07 of the Code of Criminal Procedure had been omitted from the
court's charge on punishment. The court decided to provide the instruction to the jury and
offered the prosecutor and defense counsel a few additional minutes of jury argument to
address the newly-added charge information. The prosecutor deferred to the court and
defense counsel regarding the decision whether they should return the jury to the
courtroom for further argument. Defense counsel stated that, after talking to appellant, he
"will waive that argument." 

 Again, this decision falls within the realm of sound trial strategy and absent evidence
of counsel's reasons for the challenged conduct, we will not conclude it constituted
deficient performance. Thompson, 9 S.W.3d at 813-14. While appellant might have
benefitted from his counsel's further argument, the State also would have had the
opportunity for argument and appellant's counsel reasonably could have concluded the
potential benefit was outweighed by the risks. See Bone, 77 S.W.3d at 834-35 (counsel
reasonably could have decided risk of unfavorable counter-evidence outweighed benefit
of additional mitigating evidence on punishment). 

Improper Comments During Closing Argument Appellant contends three statements made during defense counsel's closing
argument during the punishment phase exhibited counsel's ineffective assistance. The
first two statements were made in response to comments by the prosecutor during his
punishment argument. First, appellant contends trial counsel was ineffective when he
"discounted the value of any show of remorse on Appellant's behalf at the punishment
stage by posing the rhetorical question to the jury: 'What good is that going to do?'" 

 Appellant directs us to the following statement made by trial counsel:

 One of the things that surprises me about [the prosecutor's] argument is the
apology. There is no way I'm going to have [appellant] get up there on the stand
and pretend to apologize about something like that. What good is that going to do?

 If I had put- if I had put [appellant] on the stand and told him he should address [the
victim], that can't come anywhere close to any- anything that would. I think, even
be appropriate. I just- I just can't imagine that that would have- would have made
any difference in anyone's mind, regardless of how sincere he might be about
something like that . . . .

(emphasis added by appellant). 

 Next, appellant argues his counsel was ineffective by providing "his personal opinion
during final summation to the jury on punishment that Appellant's lay witnesses, who had
testified to Appellant's good character and suitability for probation, were not 'overly helpful,
to be honest with you.'" Appellant focuses on the following statement by trial counsel:

 . . . But I think from the people you saw, I think you probably got an accurate view
of [appellant].

 Do I wish he hadn't gone to the bar once since- since I got this case? Sure, I really
wish that he hadn't. But, you know, that's a lifestyle choice he made, and it's a
choice that he won't be able to make if he is on probation. It will not be an option. 
He won't be able to go to those places.

 There- there is- there is just nothing else that I can do to get that information in
front of you, other than calling friends and family and asking them what it was.

 And take- take them for what they're worth, but I don't- I don't think they were
overly helpful to [appellant], to be honest with you . . . .

(emphasis added by appellant). 

 During his argument, the prosecutor criticized appellant's failure to take the
opportunity to apologize to his victim during his punishment testimony, and pointed out that
the witnesses testifying on appellant's behalf on punishment were his friends and his sister. 
On appeal, appellant makes much of the two statements he singles out from his counsel's
effort to rebut the prosecutor's remarks. He contends his counsel, by the statements,
effectively agreed with the prosecutor and presented a State-oriented view of his
punishment evidence. Considered in their contexts, neither of the statements carries the
significance, nor the meaning, appellant's argument ascribes to them. We find the
statements fall within the wide range of reasonable professional assistance. Andrews, 159
S.W.3d at 101; Bone, 77 S.W.3d at 833; Thompson, 9 S.W.3d at 814. 

 Finally, appellant contends trial counsel failed to provide effective assistance "when
he told the jury during his final summation on punishment that Appellant would be subject
to ten years of registering under the applicable law when, in fact, conviction of sexual
assault committed Appellant to a lifetime of reporting and registering under the Sex
Offender Registration Act." At counsel's request, the trial court included in the charge on
punishment an instruction that his compliance with the Sex Offender's Registration Law
would be among the conditions imposed if the jury recommended community supervision. 
During his punishment argument, counsel mistakenly told the jury that appellant would be
required to register as a sex offender for ten years after he completed community
supervision. Article 62.101 of the Code of Criminal Procedure provides, "the duty to
register for a person ends when the person dies if the person has a reportable conviction
or adjudication. . . ." (emphasis added). Appellant's conviction in this case is a "reportable
conviction" and he, therefore, is subject to lifetime registration. TEX. CODE CRIM. PROC.
ANN. §§ 62.001(5), 62.101. 

 The State concedes on appeal that counsel misstated the required registration
period, and it attributes no reasonable trial strategy to counsel's misstatement. See
Andrews, 159 S.W.3d at 102 (holding "[t]here can be no reasonable trial strategy in failing
to correct a misstatement of law that is detrimental to the client"). However, the
misstatement was not directly detrimental to appellant, because he was required to register 
for life whether or not the jury recommended probation. TEX. CODE CRIM. PROC. ANN. §
62.101. 

 Still, appellant contends the misstatement made a recommendation of probation
less likely by minimizing the burdensome requirements of the sex offender statute. 
Because the jury was led to believe the requirements would end ten years after his
completion of probation, appellant argues, the jury was unaware of "the onerous conditions
of any probated sentence and instead, [the misstatement] rendered consideration of
probation more difficult than it should have been had the jurors been properly apprised of
applicable law."

 We cannot agree that counsel's misstatement of the length of the sex offender
registration period was an error so serious as to render his performance deficient under the
first prong of the Strickland test. As appellant's argument notes, the statement was a part
of counsel's emphasis of the "onerous conditions" that would accompany community
supervision, and the sex offender registration was only one of several conditions he
mentioned to the jury. The misstatement did not negate counsel's point. 

 We overrule appellant's issue and affirm the judgment of the trial court. 

 

 James T. Campbell

 Justice


Do not publish.
1. Counsel reiterated the point, telling the jury that appellant would "have to go to the
penitentiary if he does not comply with every single term of probation . . . ."