NO.  07-06-0230-CR
07-06-0231-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

AUGUST 30, 2007
_____

IGNACIO APOLONIO SARMIENTO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 69TH DISTRICT COURT OF MOORE COUNTY;

NO. 3595, 3528; HONORABLE RON ENNS, JUDGE
_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**OPINION**

Appellant Ignacio Apolonio Sarmiento brings companion appeals from the adjudication of his guilt for the offenses of possession of a controlled substance and delivery of a controlled substance.  Agreeing with appointed counsel's conclusion the record fails to show any meritorious issue which would support the appeals, we affirm the trial court's judgments.

In a March 2004 indictment appellant was charged with possessing between four and two hundred grams of cocaine. He pled guilty the same month and adjudication of guilt was deferred for a period of seven years in accordance with a plea agreement. A July 2004 indictment alleged appellant delivered cocaine in the same quantity range. Appellant pled guilty to this offense in August 2004 in exchange for a recommendation the adjudication of guilt be deferred. The trial court again deferred adjudication of guilt and placed appellant under community supervision for seven years.

The State moved to adjudicate appellant's guilt in each case in January 2006, alleging he violated the conditions of his community supervision by committing two new drug-related offenses. At the joint hearing on these motions held in May 2006, through an interpreter appellant pled not true to the violations alleged. The State abandoned the second violation alleged in each motion, proceeding only on the allegation appellant delivered a controlled substance on January 22, 2006. The trial court heard testimony from Bobby Tyler of the Department of Public Safety and Tommy Hinson, a drug user who worked with Tyler in conducting controlled buys of drugs. Hinson purchased cocaine from appellant at appellant's home while Tyler listened to the transaction using a transmitter carried by Hinson. Tyler did not see the transaction, but did see appellant briefly outside the house.

The trial court found appellant violated the conditions of his community supervision and found appellant guilty in each case. The court assessed punishment at 15 years confinement for possession in cause number 3528, and 65 years confinement for delivery

of a controlled substance in cause number 3595.  Appellant perfected appeal from each judgment.

Appellant's appointed counsel has filed a motion to withdraw and a brief in support pursuant to *Anders v. California*, 386 U.S. 738, 744-745, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), in which he certifies that he has searched the record and, in his professional opinion, under the controlling authorities and facts of this case, there is no reversible error or legitimate grounds upon which a non-frivolous appeal can arguably be predicated.  The brief discusses the procedural history of the case and the evidence presented at trial.  Counsel has certified that a copy of the *Anders* brief and motion to withdraw have been served on appellant, and that counsel has advised appellant of his right to review the record and file a *pro se* response. *Johnson v. State*, 885 S.W.2d 641, 645 (Tex.App.–Waco 1994, pet. ref'd).  By letter, this court also notified appellant of his opportunity to submit a response to the *Anders* brief and motion to withdraw filed by his counsel.  Counsel's brief does not discuss potential issues with an explanation of why they could not support the appeal.  Appellant has filed a response raising several potential issues.  The State has not filed a brief.

In conformity with the standards set out by the United States Supreme Court, we will not rule on the motion to withdraw until we have independently examined the record. *Nichols v. State*, 954 S.W.2d 83, 86 (Tex.App.–San Antonio 1997, no pet.).  If this court determines the appeal has merit, we will remand it to the trial court for appointment of new counsel.  *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex.Crim.App.1991).

3

Appellant's *pro se* response initially complains his appellate attorney failed to respond to appellant's request for a copy of the record. Counsel's letter to appellant explaining his right to file a *pro se* response states counsel provided a copy of the reporter's record from the adjudication hearing. Appellant also presents complaints regarding his pleas of guilty when adjudication was deferred. As no appeal was perfected from the decision to defer adjudication of guilt, appellant may not now raise errors that occurred in that proceeding. *Hargesheimer v. State*, 182 S.W.3d 906, 909 (Tex.Crim.App. 2006); *Manuel v. State*, 994 S.W.2d 658, 661-62 (Tex.Crim.App. 1999).[1] After an adjudication of guilt, appeal may be brought challenging issues arising at the subsequent punishment hearing, including claims of ineffective assistance of counsel. *Kirtley v. State*, 56 S.W.3d 48, 51 (Tex.Crim.App. 2001).

Appellant complains he has been denied reasonably effective assistance of counsel because his counsel failed to secure the services of an interpreter from the Mexican Consulate and the interpreter used in the trial court was not qualified. To establish denial of the effective assistance of trial counsel an appellant must establish (1) his counsel's performance was deficient, and (2) the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), *Hernandez v. State*, 726 S.W.2d 53, 57 (Tex.Crim.App. 1986). This standard applies to claims arising from a noncapital sentencing phase. *Hernandez v. State*, 988 S.W.2d 770,

---

[1] Additionally, the adjudication of appellant's guilt occurred before the effective date of Senate Bill 909 in the 80th Legislature, which authorizes appeals from the decision to adjudicate guilt. Act of June 15, 2007, 80th Leg. R.S., Ch. 1308, § 1, 2007 Tex. Gen. Laws ____ (amending Tex. Code Crim. Proc. art. 42.12, § 5).

4

772 (Tex.Crim.App. 1999). The first component of *Strickland* is met by showing trial counsel made errors so significant that he was not functioning as the counsel guaranteed by the Sixth Amendment to the United States Constitution. 466 U.S. at 687. To show prejudice, the defendant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.* at 694. A claim of ineffective assistance of counsel must be affirmatively supported by the record. *Tabora v. State*, 14 S.W.3d 332, 336 (Tex.App.–Houston [14th Dist.] 2000, no pet.).

We initially note that appellant told the trial court following his sentencing that he was satisfied with the representation of the retained counsel who represented him at the adjudication proceeding. The record also shows an interpreter was appointed and sworn at that proceeding pursuant to article 38.30(a) of the Code of Criminal Procedure. Tex. Code Crim. Proc. Ann. art. 38.30(a) (Vernon 2005). There is authority that a foreign national[2] who has been arrested must be advised of his right to contact his consulate. *Maldonado v. State*, 998 S.W.2d 239, 247 (Tex.Crim.App. 1999) (citing Vienna Convention on Consular Affairs, art. 36(1)(b), 21 U.S.T. at 100-101; 595 U.N.T.S. at 292). The record before us does not contain any evidence demonstrating whether appellant was informed

---

[2] Appellant asserts on appeal that he is a Mexican citizen, and a Department of Public Safety arrest report contained in the record indicates that fact. Offense reports appearing in the record also show appellant had a residence in Texas, and possessed a Texas driver's license and a social security number. For purposes of this opinion, we assume appellant is a foreign national.

of his right to contact the Mexican Consulate. In any event, however, we find no authority appellant was entitled to the services of an interpreter from the Mexican Consulate.[3] Appellant's contention the interpreter used in the trial court was not qualified refers to the requirements of article 38.31(g) of the Code of Criminal Procedure. Those requirements apply to interpreters for deaf persons. Tex. Code Crim. Proc. Ann. art. 38.31(g) (Vernon 2005). The record before us does not affirmatively support an arguably meritorious contention that appellant's counsel was deficient because of a failure to obtain an interpreter from the consulate for the adjudication proceeding.

Our review convinces us that appellate counsel conducted a complete analysis of the record. We have also made an independent examination of the record to determine whether there are any non-frivolous grounds on which an appeal could arguably be founded. *See Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *Stafford*, 813 S.W.2d at 511. We agree it presents no meritorious issue which would support an appeal. Accordingly, we grant counsel's motion to withdraw[4] and we affirm both judgments of the trial court.

James T. Campbell
Justice

Publish.

---

[3] *See Sanchez-Llamas v. Oregon*, ___ U.S. ___, 126 S.Ct. 2669, 165 L.Ed.2d. 2669 (2006) (addressing judicial enforcement of Vienna Convention on Consular Affairs); *Sierra v. State*, 218 S.W.3d 85 (Tex.Crim.App. 2007) (same).

[4] In granting counsel's motion to withdraw, however, we remind counsel to insure that he has complied with the "educational" duty to inform appellant of his right to file a *pro se* petition for discretionary review in the Court of Criminal Appeals. *Ex parte Owens*, 206 S.W.3d 670 (Tex.Crim.App. 2006).