**Affirmed and Memorandum Opinion filed January 29, 2015.**



In The

# Fourteenth Court of Appeals

## NO. 14-13-01138-CR

### ANDRE OSAGIE, Appellant

### V.

### THE STATE OF TEXAS, Appellee

On Appeal from the 21st District Court
Washington County, Texas
Trial Court Cause No. 16642

## M E M O R A N D U M   O P I N I O N

Appellant Andre Osagie challenges his conviction for aggravated assault with a deadly weapon asserting he received ineffective assistance of counsel. *See* Tex. Penal Code Ann. § 22.02(a)(2) (West, Westlaw through 2013 3d C.S.). We affirm.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Appellant pleaded "guilty" to aggravated assault with a deadly weapon. The

trial court assessed punishment at confinement for twelve years in the Institutional Division of the Texas Department of Criminal Justice.

At the plea hearing, the trial court properly admonished appellant as to appellant's right to a jury trial and right to confront and cross-examine witnesses. The trial court further admonished appellant that aggravated assault with a deadly weapon is a second-degree felony subject to a range of punishment of two to twenty years in prison and a fine not to exceed $10,000. The trial court asked appellant if he understood the plea document he had signed. Appellant asked a question of his trial counsel off the record, and, back on the record, told the trial court he had no further questions. Appellant admitted he freely signed the plea document in which he averred that he understood the range of punishment.

At a subsequent punishment hearing, the complainant, appellant's ex-wife, testified that after a verbal altercation, appellant attacked her in her home. Appellant threatened the complainant with a knife, and hit her in the face. Appellant's former probation supervisor testified that appellant did not successfully complete a prior probation. While on probation in 2009, appellant committed three new criminal offenses, and did not pay his fines or supervision fees. For those reasons, appellant's probation was revoked.

Appellant testified that he has been diagnosed with bipolar disorder and major depressive disorder. Appellant also admitted using illegal drugs. He testified that his mental health issues and drug addiction led to the commission of the assault on his ex-wife. Appellant admitted to the assault as described by the complainant, and asked that he be treated for his mental illness and drug addiction. At the conclusion of the hearing the trial court imposed a twelve-year sentence.

## II. INEFFECTIVE-ASSISTANCE-OF-COUNSEL CLAIMS

In a single issue appellant asserts he received ineffective assistance of counsel because his trial counsel (1) advised him to plead "guilty" in an effort to get probation when probation was not possible; and (2) failed to properly advise appellant concerning the collateral consequences of a family violence finding.

To prevail on an ineffective-assistance claim, a defendant must prove (1) counsel's representation fell below the objective standard of reasonableness, and (2) there is a reasonable probability that but for counsel's deficiency the result of the proceeding would have been different. *Strickland v. Washington,* 466 U.S. 668, 687, 694 (1984); *see Hernandez v. State,* 726 S.W.2d 53, 55 (Tex. Crim. App. 1986) (applying *Strickland* standard to ineffective-assistance claims under the Texas Constitution).

In considering an ineffective-assistance claim, we indulge a strong presumption that counsel's actions fell within the wide range of reasonable professional behavior and were motivated by sound trial strategy. *Strickland,* 466 U.S. at 689; *Thompson v. State,* 9 S.W.3d 808, 813 (Tex. Crim. App. 1999); *Jackson v. State,* 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). To overcome this presumption, an appellant's claim of ineffective assistance of counsel must be firmly demonstrated in the record. *Thompson,* 9 S.W.3d at 814. In most cases, direct appeal is an inadequate vehicle for raising such a claim because the record is generally undeveloped and cannot adequately reflect the motives behind trial counsel's actions. *Rylander v. State,* 101 S.W.3d 107, 110–11 (Tex. Crim. App. 2003); *Thompson,* 9 S.W.3d at 813–14. When the record is silent regarding trial counsel's strategy, we will not find deficient performance unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Goodspeed v. State,* 187 S.W.3d 390, 392 (Tex. Crim. App. 2005).

A sound trial strategy may be imperfectly executed, but the right to effective assistance of counsel does not entitle a defendant to errorless or perfect counsel. *Robertson v. State*, 187 S.W.3d 475, 483 (Tex. Crim. App. 2006). Instead, we "review the totality of the representation and the circumstances of each case without the benefit of hindsight." *Lopez v. State*, 343 S.W.3d 137, 143 (Tex. Crim. App. 2011).

Appellant first argues that his plea was rendered involuntary because his trial counsel incorrectly advised him that he could receive probation. Under article 42.12, section 3(g) of the Code of Criminal Procedure, a judge cannot order probation for a defendant when it is shown that a deadly weapon was used or exhibited during the commission of a felony offense. *See* Tex. Code Crim. Proc. Ann. art. 42.12, §3(g)(2) (West, Westlaw through 2013 3d C.S.). Appellant argues that his counsel incorrectly advised him that if he pleaded "guilty" he would receive probation. Appellant further argues that trial counsel failed to advise him that the plea form contained a provision relating to a finding of family violence.

"[M]isinformation concerning a matter, such as probation, about which a defendant is not constitutionally or statutorily entitled to be informed, may render a guilty plea involuntary if the defendant shows that his guilty plea was actually induced by the misinformation." *Brown v. State,* 943 S.W.2d 35, 42 (Tex. Crim. App. 1997). However, "a defendant's claim he was misinformed by counsel, standing alone, is not enough for us to hold his plea was involuntary." *Fimberg v. State,* 922 S.W.2d 205, 208 (Tex. App.—Houston [1st Dist.] 1996, pet. ref'd). A claim of ineffective assistance of counsel must be affirmatively supported by the record. *See Jackson v. State,* 973 S.W.2d 954, 955 (Tex. Crim. App. 1998). Therefore, in determining the voluntariness of a "guilty" plea, the court should examine the record as a whole. *See Martinez v. State,* 981 S.W.2d 195, 197 (Tex.

Crim. App. 1998). The record should focus specifically on the conduct of trial counsel. *See Kemp v. State,* 892 S.W.2d 112, 115 (Tex. App.—Houston [1st Dist.] 1994 pet. ref'd). Such a record is best developed in the context of an evidentiary hearing on application for writ of habeas corpus or motion for new trial. *Tabora v. State*, 14 S.W.3d 332, 336 (Tex. App.—Houston [14th Dist.] 2000, no pet.).

Appellant argues his counsel was ineffective in failing to (1) either ask the trial court to withhold a finding of guilt until sentencing, or request a presentence investigation report so that the plea and the sentencing could occur on the same day; and (2) inform appellant that appellant was not eligible for probation, or that the trial court would be required to make a finding of family violence. Each of appellant's complaints is based on appellant's argument that trial counsel mistakenly believed the trial judge could place appellant on probation. Appellant did not make this complaint in his motion for new trial, nor has he filed a habeas corpus petition.

The record is silent as to the reasoning and strategy behind counsel's action or inaction; accordingly, appellant has not rebutted the strong presumption that counsel exercised reasonable professional judgment. *See Thompson,* 9 S.W.3d at 814. Appellant filed a motion for new trial, but did not allege ineffective assistance. Therefore, appellant did not have an opportunity to develop a record with regard to whether counsel inappropriately advised him.

As to appellant's counsel's alleged failure to ask the trial court to withhold a finding of guilt until sentencing or to request a presentence investigation report so that the plea and the sentencing could occur on the same day, there is no evidence of counsel's trial strategy and this conduct is not so outrageous that no competent attorney would have engaged in it. *See Goodspeed,* 187 S.W.3d at 392. Whatever trial counsel's reasons for pursuing the chosen course, in the absence of a record

identifying these reasons, we must presume they were made deliberately as part of sound trial strategy. Because we are unable to conclude that trial counsel's performance fell below an objective standard without evidence in the record, we conclude that appellant has failed to meet the first prong of the *Strickland* test as to this complaint. *See id.*

As to appellant's counsel's alleged failure to inform appellant that he was not eligible for probation, or that the trial court would be required to make a finding of family violence, there is no evidence before this court that appellant's counsel failed to inform appellant as to either matter. Rather, we have only appellant's unsupported allegations. On this record, appellant has failed to prove that his trial counsel failed to render effective assistance. *See Rodriguez v. State*, 425 S.W.3d 655, 668–69 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (court cannot speculate when record is silent as to discussions appellant and his attorney had regarding appellant's choice to plead guilty).

We overrule appellant's sole issue on appeal and affirm the trial court's judgment.


/s/      Kem Thompson Frost
         Chief Justice


Panel consists of Chief Justice Frost and Justices Boyce and McCally.
Do Not Publish — Tex. R. App. P. 47.2(b).

6